## HARRY D. KAUFMAN *v.* SOLOMON LISS, ET AL.

[No. 155, October Term, 1945.]

*Decided June 14, 1946.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*H. Harry Rosenberg* for the appellant.

*Solomon `Liss* and *Alfred J. O'Ferrall, Jr.*, for the appellees.

MARKELL, J., delivered the opinion of the Court.

This in an appeal from an order overruling a demurrer to the bill. The bill, filed by receivers for a corporation (plaintiffs, appellees), purports to seek recovery of money "improperly and illegally paid" to the defendant

(appellant), a director. The question presented is whether the bill states facts which would entitle the plaintiffs to relief.

The bill, filed July 3, 1942, alleges in substance that: On July 3, 1942, by orders of the lower court, plaintiffs were appointed receivers for Chesapeake Liquidating Corporation and were authorized to file this bill. Defendant associated himself with Herbert Kaufman, one Friedman and one Losinsky to purchase the remaining assets of the Chesapeake Bank. "Pursuant to said agreement" these four purchased the assets of the Bank, and Chesapeake Liquidating Corporation was formed to take them over. Before the formation of the corporation it was agreed "between the parties" that all of them were to pool their efforts for the collection of the assets purchased, and that any profits realized were to be equally divided between them. Examination of the books, records and business methods of the corporation reveal that although it "is in form a corporation," its business was always operated as if it were a partnership, "as evidenced" by the Income Tax returns filed by the corporation as a partnership return, and by the facts that the funds of the corporation were deposited as partnership funds in the name of two of the "members of the association," that there was no "stock issued" by the corporation, and no minutes were kept of meetings "except in a few isolated instances"; and as a result of these and other facts (to be produced at the hearing) plaintiffs believe and therefore aver that though the corporation "is a corporation in name," it was and is "an equal co-partnership" between the four parties. At the time the charter was issued and since, "there was no agreement as to payment of fee or charges by any member of the association other than that each of the parties was to receive an equal distributive share of the profits realized."

On October 15, 1941, defendant presented to "an alleged Board of Directors of the corporation," consisting of defendant, Friedman and Losinsky, a bill for $3,000 "for alleged services rendered." At the same time Friedman

presented a bill for $1,000 for services alleged to have been rendered by him. The alleged Board, without the consent and knowledge of Herbert Kaufman, "one of the parties in interest," thereupon illegally and improperly authorized payment of the bills presented by defendant and Friedman and defendant and Friedman executed checks to themselves for $3,000 and $1,000 respectively, drawn on the funds of the corporation. Plaintiffs have made demands upon defendant for the return of the money received by him, but he has refused. The sum of $3,000 received by defendant "was improperly and illegally paid" because [1] the said sum "was not due for services rendered," [2] the alleged board of directors did not have authority to authorize the payment, [3] the corporation was operated as, and is in fact, a partnership and [4] said withdrawal of funds by defendant was in derogation of the rights of the remaining parties in interest in the assets of the corporation.

The bill prays (1) that defendant be required to account to plaintiffs for $3,000 "illegally withdrawn" from the funds of the corporation and (2) general relief.

The demurrer admits all facts well pleaded, but not conclusions or arguments. Facts must be clearly, definitely and specifically stated. The bill contains allegations which are indefinite or contradictory. It suggests various questions, but does not state facts which present them.

The allegations that the corporation "is a partnership" are not only unsupported by the "facts evidencing" them, but are an irrelevant meaningless contradiction. On the surface the object of the bill seems to be enforcement of a partnership agreement, but at the argument any such purpose was disclaimed. The same persons at the same time might be the members of a partnership and the stockholders of a corporation. But the partnership agreement could not be enforced in a suit by the corporation, or its receiver, against one of four partners.

The bill also suggests a question whether an agreement before incorporation that all services of the stockholders for the corporation would be rendered without compensa-

tion, would be enforceable either between the parties or by the corporation. *Cf. Murray-Baumgartner Surgical Instrument Co. v. Requardt,* 180 Md. 245, 251, 23 A. 2d 697. But no such agreement is alleged—only the absence of one, *viz.,* "there was no agreement as to payment of fee or charges by any member of the said association other than that each of the parties was to receive an equal distributive share of profits realized." There are no profits until after provision for expenses, including compensation for services. Stockholders and directors are not ineligible for employment by the corporation; in Maryland the president must be a director. Art. 23, Sec. 11. *Cf. Francis v. Brigham-Hopkins Co.,* 108 Md. 233, 70 A. 95. No fact alleged indicates that the "alleged" Board of Directors were not actually the directors.

If a director receives corporation money "improperly and illegally paid" to him, the corporation or its receiver is entitled to recover such a payment. The allegations that the $3,000 was so paid and "was not due for services rendered" are conclusions, apparently based on the absence of an agreement between the four "parties in interest" that defendant's services should be paid for. There is no allegation that the "alleged" services were not actually rendered—or were not worth the price paid. The allegations that the directors had no authority to authorize the payment, and that the "withdrawal" was in derogation of the rights of the remaining parties in interest also appear to be based on the same untenable premise.

The bill does not contain even a bare outline of the specific facts concerning the incorporation and organization of the corporation, its stock authorized, subscribed or paid for (even if no stock certificates were issued), defendant's services or the receivership.

The demurrer should have been sustained with leave to amend. *Cook v. Hollyday,* 185 Md. 656, 45 A. 2d 768.

> *Order reversed, with costs, and cause remanded.*