ROBERT WYLIE *v.* THOMAS D. JOHNSTON, Samuel
Hurlburt, and Others.

*Decided June 26th, 1868.*

DECREES ; VACATING DURING THE TERM ; APPEALS.    COURT OF APPEALS ; POWER AND DUTIES OF.

The powers and duties of the Court of Appeals are defined and limited. It cannot entertain appellate jurisdiction except when prescribed by law. (*a*)                                                   p. 302

---

(*a*) The Court of Appeals has no original jurisdiction. It can review nothing that has not been decided below, and it can, itself, decide nothing except upon the same facts that were the foundation of a decision from which an appeal has been taken; *State v. Cowen,* decided by the Court of Appeals, January 7th, 1897. (See the Daily Record of February 24, 1897.) *Cf.* also *Sevinksi v. Wagus,* 76 Md. 336, holding that the Legislature has not the power to confer original jurisdiction upon the Court of Appeals. And the Court of Appeals can only act upon exceptions to proof *taken below;* it is not its province to decide upon the admissibility of evidence submitted to it by agreement of

Where it undertakes to review the proceedings of subordinate tribunals, the authority must be shown.                                    p. 302

It is the province of the appellate court to decide when an appeal lies, and not of the court from which the appeal is taken.  (*b*)  p. 302

No appeal lies from an order of a Court of Equity, vacating a decree passed during the term at which the decree was rendered.  (*c*)

p. 304

*Appeal from the Circuit Court of Baltimore City.    **299**

The bill was filed in this case by the appellant against the appellees and others for the specific performance of an agreement to lease, and for the recovery of alleged arrearages of rent.

A final decree having been passed in the cause, the court (Alexander, J.,) at the same term passed an order vacating the decree, but requiring the defendants to file their answers before the succeeding term, under the penalty of a re-affirmance of the decree, and to pay the costs up to the time of the order.

From this order the present appeal was taken by the complainant.

The cause was argued before Bartol, C. J., Nelson, Stewart and Alvey, JJ.

*Joseph L. Brent,* for the appellant:

The return of the sheriff was conclusive of the service of the summons; and if not conclusive, the interlocutory decree adjudicated the point that the commission regularly issued.

counsel to be read subject to exception; *Levy v. Taylor,* 24 Md. 295; *B. & O. R. R. Co. v. Mali,* 66 Md. 57; see also *P., W. & B. R. R. Co., v. Shipley,* 72 Md. 95. In *Stanley v. Safe Deposit and Trust Co.,* decided by the Court of Appeals, April 1st, 1898, where the jurisdiction of the lower court depended upon the existence of particular facts, the Court of Appeals would not consider the evidence upon which the court below based its decision, where the evidence was not in the record on a regular appeal from the decision, taken in due time.

(*b*)  See *Keighler v. Savage Manufacturing Co.,* 12 Md. 412-413; see also *Coston's Case,* 23 Md. 271.

(*c*)  See *Rutherford v. Pope,* 15 Md. 579, note (*b*).  According to the practice in this State, a decree is not considered as enrolled until the end of the term in which it has been passed; *Tabler v. Castle,* 12 Md. 157; but see Code of Pub. Gen. Laws, Art. 16, sec. 164; *Cherbonnier v. Goodwin,* 79 Md. 61.

The commission contains the evidence upon which the case rested; it was lawful for the complainant to testify, and there is nothing in the record to impeach his testimony, which establishes a case where his rights have been most flagrantly violated. The decree was an equitable one. It did not undertake to assess damage for the injury inflicted on the property, which had passed into the possession and enjoyment of the defendants and their agents; but confined itself simply to decree that as defendants had accepted the parol contract for the purpose of taking possession of and using the land of complainant, they should not escape specific performance thereof in the payment of the stipulated rent, though they had not executed the written lease.

Nor can it be claimed that the decree was erroneous, because the complainant had an adequate remedy at law. The defen-**300** *dants, by appealing from the decree, might have ample relief on this ground. *Lippy v. Masonheimer,* 9 Md. 315.

The complainant cannot sue at law for rent on a demise for a term of ten years where the contract is not in writing; but here he alleges that the agreement of lease was in part performed, by his giving and the defendants receiving possession of the demised premises, and it is somewhat ungracious, if the evidence taken under the commission be looked at, for the defendants to plead the Statute of Frauds, which would certainly defeat his action at law, except for use and occupation, and would leave him remediless, unless in equity, so far as his rights were involved on the agreement to rent for ten years. *Anderson v. Critcher,* 11 G. & J. 450.

It was error to vacate the decree on the petition of Hurlburt.

He placed his claim to relief on the ground that the return of the sheriff, made two years previously, was false; and in making this assertion he not only disclaimed imputing fraud to the complainant or sheriff, but had to encounter the fact that it was apparent that the sheriff had executed the writ as far as Charles R. Carroll was concerned, as he had appeared and answered; and the presumption is that he had executed it also on his co-defendants, Johnston and Riggs, as they neither then nor at any subsequent time, have denied it. But the sheriff's return is conclusive and not traversable in the same

action, and if false, the remedy is by action at law for the false return.  Watson on Sheriff, 68; *State v. Lawson,* 2 Gill, 68.

Even the appearance of counsel is conclusive on a party for whom he appears, and the only remedy for damages sustained, is by action on the case.  *Henck v. Todhunter,* 7 H. & J. 275; *Munnikhuysen v. Dorsett,* 2 H. & G. 374; *Fowler v. Lee,* 10 G. & J. 358.

Hence the court is bound to assume that Hurlburt was summoned.  But it is conceded that in Maryland, even where a defendant is summoned and fails to appear, and a decree is rendered against him, it may, *at the same term,* be set aside if *it appear that the defendant has a complete defense **301** and that he only failed to appear through a misapprehension. *Tabler v. Castle,* 12 Md. 148.

The discretion to be observed by the court in opening its decrees, is not an absolute one, but is revisable on appeal. This is the uniform rule in Maryland.  *Burch v. Scott,* 1 G. & J. 393; *Oliver v. Palmer,* 11 G. & J. 147; *Tabler v. Castle,* 12 Md. 157.

But if Hurlburt, by reason of his application before the end of the term, was entitled to have the decree opened, it is difficult to see on what ground the learned judge based his action in opening the decree against Riggs & Johnston after the term at which it was rendered had passed.

They never asked to have it opened; they never claimed that they were not in wilful contempt of the process of the court; and yet, on the motion of Hurlburt, relating exclusively to himself, the decree against them all is opened.

Assuming that the Bill of Complaint sets out a joint demand against all, and the decree gave a judgment to be enforced against all, yet Hurlburt might have equities to escape, while Johnston & Riggs should be held—surely it cannot help Johnston & Riggs that Hurlburt was not summoned or had equities. If they were, as they confessedly are, by their acquiescence, in flagrant contempt of the process of the court, they cannot be now heard through Hurlburt's merits, actual or supposed.

There could be no possible necessity, therefore, to strike out this decree against all the defendants, because of the equity of one, denying his original liability.

At law, the technical effect of a judgment against some of

18      v. 29

the joint contractors, was held to be a merger of the cause of action, but only for certain purposes, and subject to certain qualifications. *Evans v. Sprigg*, 2 Md. 473-4. Even this rule at law is changed by the Code. Code of Pub. Gen. Laws, Art. 29, sec. 18.

A decree in equity has no such technical effect; and if it had, the provision of the Code above cited would be adopted **302** *by analogy, as equity always follows the law. Therefore, the decree could well stand against two, while the third defendant might be allowed to subsequently contest his liability.

*John Stewart*, for Hurlburt & Riggs:

It was entirely within the sound discretion of the Circuit Court to vacate or affirm its decree before the enrollment thereof;—the decree was signed during March term, 1866, and the petition for a re-hearing filed during the same term, and within four days after the signing of the decree. Smith Ch. Pr. 431; Alexander's Ch. Pr. 178, 381, sec. 38; *Burch v. Scott*, 1 G. & J. 398; *Dorsey v. Clarke*, 4 H. & J. 553; *Lansing v. Mc-Pherson*, 3 John. Ch. 424; *Wooster v. Woodhull*, 1 John. Ch. 539; *Vowles v. Young*, 9 Ves. 172; *Oliver v. Palmer*, 11 G. & J. 138; *Tabler v. Castle*, 12 Md. 144.

The appellee, Hurlburt, distinctly swears that he was never summoned, and furthermore, that he has a valid defense. The affidavit not only covers his own case, but that of his co-respondents, and upon that affidavit the court below was right in vacating the decree as to all the respondents. It was a joint action and a joint decree. If bad against one it was bad against all. There is no counter-affidavit of the sheriff or his deputy.

Stewart, J., delivered the opinion of the court.

The powers and duties of the Court of Appeals, are defined and limited. It cannot entertain appellate jurisdiction except when prescribed by the law. Where it undertakes to review the proceedings of subordinate tribunals, the authority must be shown. It is also the province of the appellate court to decide when an appeal lies, and not the court from which the appeal is taken.

We do not propose now to determine to what extent the right of appeal has been modified by the Code in relation to appeals from courts of law. In *Rutherford v. Pope,* \*15 **303** Md. 579, it was decided, that during the term at which a judgment was rendered, it is subject to the control of the court, and no appeal lies from an order made during the term, striking out a judgment by default and reinstating the case; but the appeal before us involves the consideration of the question of the power of this court, in the revisal of proceedings, in a Court of Equity. In *Thomas v. Doub,* 1 Md. 252, it was ruled that an application to file an amended or supplemental answer rests in the discretion of the court below; and from the refusal to give the leave, no appeal would lie.

Under Code of Pub. Gen. Laws, Art. 5, sec. 20, an appeal is allowed from any *final* decree, or order in the nature of a *final* decree, passed by a Court of Equity. Sec. 21 of the same Article provides for appeals from certain special orders or interlocutory proceedings not in their nature *final.* Under sec. 22, same Article, any *special* or incidental order passed in the progress of the cause, may be reviewed by this court if there should be an appeal from any *final* order or decree. This last section gives a party aggrieved by any interlocutory order, the right of having the action of the court reviewed in any particular, if, from the result of the entire proceedings, he finds cause to take an appeal. This provision, at the same time, relieves the appellate court from the necessity of deciding a case by detached instalments, but enables it to review the action of the lower court in every particular, when the case, in its entirety, is finally disposed of by that court. If all the interlocutory orders of the court below, in the progress of the cause, were subjects of immediate review by this court, it is difficult to define any limit to the exercise of appellate authority or termination to judicial proceedings.

In regard to cases where appeals are allowed from Courts of Equity, the law from the Code to which we have adverted, very specifically defines the boundaries of our appellate jurisdiction. For this court to extend it beyond that range, \*would be to invade the domain of the Legislative De- **304** partment of the Government, and exercise its functions. It is not for us to go outside of the limits of legislation. It is well

settled, in this State, that before a decree is enrolled it is entirely within the province of the court to revise it. It is not considered enrolled until after the expiration of the term; and it is subject to the control of the court until then. The order of the court below which we are asked to review, is not a *final* decree or order in the nature of a *final* decree. It is merely an interlocutory proceeding within the discretion of that court, and not the subject of appeal under Art. 5, sec. 20, to which we have referred; but may be revised under sec. 22 of the same Article, if there shall be an appeal from any final order or decree in the cause, should such event occur. It was passed by the court during the term in which the decree was pronounced, which it proposed to annul upon the terms prescribed. The order in its nature is merely provisional, and if the conditions are not complied with, (of which that court is the judge in the first instance,) it is to be a nullity, and the original decree allowed to stand. It was within the discretion of that court during the same term to have rescinded that order. The remedy by an appeal might have been rendered nugatory, by the action of that court, in the fair exercise of its own attributes. That court, in the passage of said order, was in the exercise of a discretion in the trial of the cause, not to be reviewed by us unless brought up in the future by an appeal from some *final* disposition of the suit. We may, however, take occasion to observe, in conclusion, that if we had entertained a different opinion as to our appellate authority, we discover no sufficient reason, from the position of the case as disclosed by the record before us, to have authorized us to say that the court below, under the circumstances, did not exercise a proper discretion in the passage of the order from which the appeal, has been taken.

*Appeal dismissed.*