HOWARD CARTER, THE YOUNGER *v.* STATE OF
MARYLAND

[No. 43, September Term, 1979.]

*Decided December 28, 1979.*

The cause was argued before MURPHY, C. J., and SMITH,
DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Geraldine Kenney Sweeney, Assistant Public Defender,*
with whom was *Alan H. Murrell, Public Defender,* on the
brief, for appellant.

*F. Ford Loker, Assistant Attorney General,* with whom was
*Stephen H. Sachs, Attorney General,* on the brief, for
appellee.

650

DIGGES, J., delivered the opinion of the Court.

In April of 1978 the petitioner, Howard Carter, was tried in the Criminal Court of Baltimore on two counts of armed robbery and two of using a handgun in the commission of a crime of violence. At the close of the State's case in chief, counsel for the defendant made, among others, a motion *in limine* that: In the event Carter elects to testify in his own defense the prosecution be prohibited from attempting to impeach the credibility of the witness through the use of a 1967 robbery conviction in the Criminal Court of Baltimore. In support of this motion, the defendant seemingly suggested that, because he was a juvenile below the age of sixteen when the crime was committed and there was no waiver of jurisdiction to the Criminal Court, there exists no valid final judgment in the cause to serve as a basis for impeachment interrogation. The trial judge denied the motion and the defendant refrained from testifying in his own behalf. Although found by the jury to be not guilty of two counts contained in the indictment, Carter was convicted on one count each of armed robbery and use of a handgun. Upon being sentenced to serve a total of thirty years in prison, the defendant noted an appeal to the Court of Special Appeals where he argued that the trial court had committed reversible error by refusing to grant his *in limine* motion.

After concluding that the record was devoid of sufficient information relative to Carter's age at the time the earlier crime was committed to enable it to answer the issue, the intermediate appellate court, in an unreported opinion, relied on Maryland Rule 1071 to remand the cause to the trial court for further proceedings. The Criminal Court of Baltimore was ordered to determine, "directly and not by inference based on the time of arrest or indictment," the factual question of whether the petitioner was a juvenile below the age of sixteen when the offense of which he had been earlier convicted was committed, and then to proceed to a determination of the legal issue which is dictated by that finding. Since we had, in light of our decision in *Gill v. State,* 265 Md. 350, 289 A.2d 575 (1972), at the least a modicum of doubt as to the correctness

of utilizing Rule 1071 in the circumstances present here, we granted certiorari to determine the propriety of employing the rule in that manner.

In reviewing the record in this cause, however, we conclude that, because Carter's only "notice of appeal" is not an appeal from the judgment but one purportedly from a speedy trial ruling of the trial court, the motion *in limine* ruling was not before the Court of Special Appeals and consequently is not before this Court. We set out the appeal directive in full.

Mr. Clerk:

Please enter an immediate Appeal to the Court of Special Appeals of Maryland on the constitutional question relating to Speedy Trials in the above captioned case.

While we have doubts that in form this appeal order constitutes an appeal from a final judgment, which is required as a prerequisite to raising speedy trial issues, *see Stewart v. State,* 282 Md. 557, 386 A.2d 1206 (1978), we need not address this question since limiting the breadth of the appeal in this manner opens for review in an appellate court only the issue or issues mentioned in the requested order — here the "constitutional question relating to Speedy Trials." *Lazenby v. F. P. Asher, Jr. & Sons,* 266 Md. 679, 688, 296 A.2d 699, 704 (1972); *Mason v. Triplett,* 217 Md. 433, 440, 141 A.2d 708, 711 (1957); *Surgical Instr. Co. v. Requardt,* 180 Md. 245, 252, 23 A.2d 697, 699 (1942). As no issues in the present case, if such ever existed, pertaining to a speedy trial, constitutional or otherwise, were briefed by Carter in the Court of Special Appeals, they were waived or abandoned as a consequence of this failure to so brief. Md. Rule 1031, subsections c 2 and 4. *See Logan v. Town of Somerset,* 271 Md. 42, 67, 314 A.2d 436, 450-51 (1974); *Braun v. Ford Motor Co.,* 32 Md. App. 545, 549, 363 A.2d 562, 564 (1975); *cf.* Md. Rule 831, subsections c 2 and 4, applicable to appeals in this Court. Consequently, we vacate the judgment of the Court of Special Appeals and

remand the case to that court with instructions to dismiss the appeal.

> *Judgment of the Court of Special Appeals vacated and case remanded to that court with instructions to dismiss the appeal. Pursuant to Maryland Rule 882 f, costs are not reallocated as part of the judgment of this Court.*