## INSTITUTIONAL MANAGEMENT CORPORATION v. CUTLER COMPUTER CONCEPTS, INC.

[No. 132, September Term, 1981.]

*Decided November 12, 1982.*

*Motion for reconsideration filed November 23, 1982; opinion modified, and as modified motion denied December 17, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Joshua R. Treem,* with whom were *Schulman & Treem* on the brief for appellant.

*Owen M. Taylor,* with whom was *Owen McDonnell Taylor, P.A.* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

This case presents two questions. The first question concerns the propriety of the dismissal of an appeal. The second question involves the applicability of the doctrines of res judicata and collateral estoppel.

The respondent, Cutler Computer Concepts, Inc. (Concepts), is a Maryland corporation that provides general consulting services for the development of computer software. The petitioner, Institutional Management Corporation (IMCO), is a Pennsylvania corporation that was engaged in the development and marketing of a computerized system that would translate stenographic notes to English text (system).

In July, 1977, Concepts and IMCO entered into a contract in which Concepts agreed to provide certain consulting services necessary for the design and development of the system. Lionel Bartram, then a full-time salaried employee of Concepts, was to perform the work. In February, 1978, Bartram resigned and joined with several former employees of IMCO to form Translation Systems, Inc., a competitor of IMCO.

In January, 1979, in the Circuit Court for Montgomery County, Concepts sued IMCO alleging that it had performed work under the contract for which it had not been paid (Montgomery County case). IMCO filed a counterclaim alleging that Concepts had breached the contract by, among other things, failing to deliver a "complete" system, and by violating the contractual requirement of confidentiality.

In the Montgomery County case, IMCO asserted that Concepts was barred from litigating certain issues that had allegedly been determined in previous litigation in which IMCO had sued Translation Systems, Inc. and its principals, including Bartram, in the United States District Court for the District of Maryland, *Institutional Management Corp. v. Translation Systems, Inc.,* 456 F.Supp. 661 (D.Md. 1978) (Federal court case). In the Montgomery County case, IMCO contended that although Concepts was not a party of record in the Federal court case, it was, nonetheless, in privity with Bartram, a party of record in that suit.

On 3 December 1980, at the conclusion of a trial on the merits in the Montgomery County case, the trial court, in an oral opinion, found that Concepts was not a party to the proceedings in the Federal court case and was, therefore, not barred by the doctrines of res judicata or collateral estoppel. On that same day, it additionally directed that judgments be entered in favor of Concepts on both the claim and the counterclaim. On 9 December 1980, final judgments in favor of Concepts were entered on both the claim and the counterclaim.

On 8 January 1981, IMCO filed an Order for Appeal. That order stated:

> "Pursuant to Rules 1011 and 1012, Maryland Rules of Procedure, Institutional Management Corporation, the defendant and counterclaim Plaintiff, by its attorneys, Joshua R. Treem, Esquire and Schulman and Treem, files this Notice and Order of Appeal to the Maryland Court of Special Appeals of *the rulings and judgments entered by the Honorable Joseph A. Mathias, Circuit Judge, on December 3, 1980.*" (Emphasis added.)

The Court of Special Appeals, in an unreported per curiam opinion, *Institutional Management Corp. v. Cutler Computer Concepts, Inc.,* (No. 82, September Term, 1981, filed 5 October 1981), found that the appeal was taken from the trial court's judgment *nisi*[1] entered on 3 December 1980, and not from the trial court's final judgment entered on 9 December 1980. That Court, therefore, dismissed the appeal.

IMCO filed a petition for a writ of certiorari that we granted. We note that in reaching its conclusion, the Court of Special Appeals overlooked not only a prior opinion of the Court of Appeals, but also prior reported opinions of the Court of Special Appeals itself. Accordingly, we shall vacate the judgment of the Court of Special Appeals dismissing the appeal as premature. Additionally, we shall affirm the judgments of the trial court although for reasons other than those it expressed.

I

The jurisdiction of this Court, and the Court of Special Appeals, is determined by constitutional provisions, statutory provisions, and rules. Where appellate jurisdiction is lacking, the appellate court will dismiss the appeal *sua sponte.* An appeal may be taken to the Court of Special Appeals within 30 days from the date of the judgment appealed from. Md. Rule 1012 a. Ordinarily, the appeal must be taken from a final judgment. *Eastgate Assocs. v. Apper,* 276 Md. 698, 700-01, 350 A.2d 661, 663 (1976); *see Clark v. Elza,* 286 Md. 208, 212, 406 A.2d 922, 924 (1979); *Biro v.*

---

1. Md.Rule 564 b 1 provides:

"Where an action at law is tried upon the facts by the court, the court shall direct judgment *nisi* to be entered upon the law and the evidence."

Md.Rule 567 provides in pertinent part:

"a . . . A motion for a new trial as to all or part of the matters in controversy shall be filed within three days after the reception of a verdict, or, in case of a special verdict or a trial by the court within three days after the entry of a judgment *nisi.*
. . .
"f . . . If a motion for a new trial be not made, within the time prescribed by section a of this Rule, the clerk shall enter a *final judgment* as of course." (Emphasis added.)

*Schombert,* 285 Md. 290, 294, 402 A.2d 71, 73 (1979). An appeal taken from a judgment *nisi* and before final judgment has been entered must be dismissed as premature. *King v. State Roads Comm'n,* 294 Md. 236, 237, 449 A.2d 390, 391 (1982); *Merlands Club, Inc. v. Messal,* 238 Md. 359, 365, 208 A.2d 687, 691 (1965).

This Court and the Court of Special Appeals have both recognized that when an order for appeal is timely filed subsequent to the entry of a final judgment, an appellate court has jurisdiction. It must entertain the appeal even though the text of the order for appeal indicates that the appeal is taken from something other than a final judgment. *Sweeney v. Hagerstown Trust Co.,* 144 Md. 612, 622, 125 A. 522, 526 (1924); *Johnson-Bey v. Reiger,* 32 Md.App. 299, 306, 360 A.2d 457, 461, *cert. denied,* 278 Md. 725 (1976); *Shipp v. Autoville Ltd.,* 23 Md.App. 555, 559-60, 328 A.2d 349, 352 (1974), *cert. denied,* 274 Md. 725 (1975).

In *Sweeney v. Hagerstown Trust Co.,* 144 Md. 612, 125 A. 522 (1924), this Court considered the effect of the text of an order for appeal. In that case, the trial court's opinion was filed 14 May 1923, final judgment was entered on 15 May 1923, and the order for appeal was filed 10 July 1923.[2] The text of the order for appeal provided:

> "Enter an appeal from the opinion of this Honorable Court in this case, dated April 14th, 1923, to the Court of Appeals."

The appellee moved to dismiss the appeal on the ground that the appeal was not taken from a final judgment.[3] There we said:

---

2. Md.Code (1904, 1911 Repl.Vol.), Art. 5, § 32, which was then applicable, provided:

"All appeals allowed from decrees or orders of courts of equity shall be taken and entered within *two months from the date of the decree or order appealed from,* and not afterwards; unless it shall be alleged on oath that such decree or order was obtained by fraud or mistake, in which case the appeal shall be entered within two months from the time of the discovery of the fraud or mistake, and not afterwards." (Emphasis added.)

3. Some of the relevant underlying facts in *Sweeney* are not set forth in this Court's opinion, but may be found in the briefs and docket entries of that case.

"The order for appeal in this case, which was filed in July 10th, 1923, directed the clerk to enter an appeal 'from the opinion' of the court, and the appellees have filed a motion to dismiss the appeal, but *as the decree was filed on the 15th of May, 1923, we think the appeal should be regarded as having been taken from the decree,* and the motion to dismiss will, therefore, be overruled." *Sweeney,* 144 Md. at 622, 125 A. at 526 (additional emphasis added).

Thus, this Court established that an order for appeal timely filed subsequent to the entry of final judgment was an appeal from a final judgment, irrespective of the text of the order for appeal.

In *Shipp v. Autoville Ltd.,* 23 Md.App. 555, 328 A.2d 349 (1974), *cert. denied,* 274 Md. 725 (1975), the Court of Special Appeals considered the effect of the text of an order for appeal. The precise question considered in *Shipp* was identical to that presented here — whether an appeal was taken from a judgment *nisi* rather than a final judgment. In *Shipp,* the judgment *nisi* was entered on 22 January 1974, the final judgment was entered on 28 January 1974, and the order for appeal was filed 20 February 1974. The order for appeal requested the clerk to enter an appeal ". . . from the judgment entered in this action on January 22, 1974." *Shipp,* 23 Md.App. at 557, 328 A.2d at 349. In refusing to dismiss the appeal on the ground that it was not taken from a final judgment, the Court of Special Appeals said:

"*Appellant's order for appeal was filed after the judgment absolute was entered and within 30 days thereof. Although she designated the appeal to be from the judgment* nisi, *the designation was superfluous.* The order of appeal would have been effective had it merely directed the clerk to note an appeal; it would necessarily follow that it be from the final judgment. As the order of appeal here was filed within 30 days of the entry of the judgment absolute, we conclude the appeal is properly before

us." *Shipp,* 23 Md.App. at 559-60, 328 A.2d at 352 (emphasis added) (footnotes omitted).

In *Johnson-Bey v. Reiger,* 32 Md.App. 299, 360 A.2d 457, *cert. denied,* 278 Md. 725 (1976), the Court of Special Appeals once again considered the identical question, whether an appeal should be dismissed on the ground that it was taken from a judgment *nisi* and not a final judgment. The judgment *nisi* was entered on 14 May 1975, the final judgment was entered on 22 May 1975, and the order for appeal was entered on 18 June 1975. The text of the order for appeal provided that the appeal was taken " 'from the judgment entered in this action on May 14, 1975. . . .' " *Johnson-Bey,* 32 Md.App. at 306, 360 A.2d at 461. There the Court of Special Appeals said:

> "The appellee's motion to dismiss the appeal on the ground that the appeal was from the order *nisi* rather than the formal judgment is denied. It is true that appellant noted an appeal 'from the judgment entered in this action on May 14, 1975,' which was improper since the judgment absolute was not entered until May 22, 1975, after appellant's motion for a new trial had been denied. *The order of appeal, however, was entered on June 18, 1975, after the judgment absolute had been entered and within thirty days thereof. The reference to the May 14, 1975, judgment was merely surplusage and did not alter the effectiveness of the appeal."* *Johnson-Bey,* 32 Md.App. at 306, 360 A.2d at 461 (emphasis added).

Thus, on two occasions the Court of Special Appeals has held that an order for appeal timely filed subsequent to the entry of a final judgment was taken from the final judgment, irrespective of the text of the order for appeal.

Here, the text of the order for appeal indicated that the appeal was taken from the judgment *nisi* entered on 3 December 1980. Nevertheless, the order for appeal was timely filed after the final judgment was entered. Thus, the

Court of Special Appeals had jurisdiction irrespective of the text of the order for appeal. The appeal was taken from a final judgment and should not have been dismissed.

## II

Having determined that the appeal to the Court of Special Appeals should not have been dismissed, we must now consider whether the trial court erred in concluding that Concepts was not barred from litigating certain issues by the doctrines of res judicata or collateral estoppel. One of the requirements for the application of the doctrines of both res judicata and collateral estoppel is that there be a final judgment of a court on the merits in a previous proceeding. *Cicala v. Disability Review Bd. for Prince George's County,* 288 Md. 254, 263, 418 A.2d 205, 211 (1980); *Washington Suburban Sanitary Comm'n v. TKU Assocs.,* 281 Md. 1, 18-19, 376 A.2d 505, 514 (1977); *Smith v. Gray Concrete Pipe Co.,* 267 Md. 149, 156-58, 297 A.2d 721, 726 (1972).

Here the record shows that in 1978, in the Federal court case, IMCO alleged that Translation Systems, Inc. and its principals, including Bartram, had wrongfully removed certain property belonging to IMCO. IMCO claimed that the property consisted of materials, equipment, and documentation relating to the system that Bartram had been developing for IMCO while employed by Concepts. IMCO sought, among other things, a writ of replevin for the return of the property and an injunction prohibiting Bartram and the others from using or selling their knowledge of the system.

Neither William Cutler, the President of Concepts, nor Concepts itself, was named as a party nor did either Cutler or Concepts intervene. Nevertheless, in the Federal court case, Cutler appeared as a witness and testified about, among other things, the nature and extent of the property then in dispute. The trial court in the Federal court case ordered, among other things, that all property, including documentation relating to the system, be returned to IMCO

and that an injunction be issued prohibiting Bartram and the others from using or selling their knowledge of the system.

The record shows, however, that despite the issuance of these orders, the Federal court case remained pending. Indeed, the record further shows that in the Montgomery County case, counsel for IMCO in the Federal court case appeared and testified as a witness on behalf of IMCO, the petitioner here. In response to questions about the status of the Federal court case, he initially recounted his unsuccessful efforts to enforce the Federal court's previous order, and concluded by stating:

> ". . . I have now prepared in draft form an amended complaint which will amend the complaint over from one of replevin to detinue to one where I could get money damages for one which has been detained for two and a half years, as well as the destruction of the project and leaving open two issues.
>
> "One is whether we have ever gotten the documentation, programming and listings for the software and of course the other item is whether we are entitled to what they are now working on. That is the current status."

Thus, according to IMCO's counsel in the Federal court case, that case was not yet concluded.

Under the circumstances here, IMCO failed to establish that there was a final judgment on the merits in the Federal court case. Accordingly, the doctrines of res judicata and collateral estoppel do not apply.[4]

We note that an issue concerning the liability of Concepts for alleged contractual breaches by its employee, Bartram, was raised, but not decided in the Court of Special Appeals.

---

4. In view of our decision, we need not consider the question whether Concepts was in privity with a party to the proceedings in the Federal court case.

That issue was not raised in IMCO's petition for a writ of certiorari. Under these circumstances, we shall remand the case to the Court of Special Appeals for the purpose of considering that remaining issue.

> *Judgment of the Court of Special Appeals vacated.*
> *Case remanded to that Court for further proceedings in accordance with the opinion.*
> *Costs to be paid equally by the parties.*