535 A.2d 492

B & K RENTALS & SALES CO., INC.

v.

UNIVERSAL LEAF TOBACCO CO. et al.

No. 480, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Jan. 12, 1988.

Georgia L. Lewis, Baltimore, for appellant.

Albert D. Brault (Janet S. Zigler and Brault, Graham, Scott & Brault, on the brief), Rockville, for appellees.

Argued before WILNER, GARRITY and POLLITT, JJ.

POLLITT, Judge.

B & K Rentals & Sales Co., Inc., on 18 March 1987, requested the Clerk of the Circuit Court for Anne Arundel County to

> enter an appeal to the Court of Special Appeals on behalf of B & K Rentals & Sales Co., Inc., Plaintiff, from the [sic] this Court's Order denying Plaintiff's Motion for Reconsideration and Motion for New Trial, entered in this action on February 17, 1987.

Despite the precise wording of that order, appellant now insists that the issue before this Court is the propriety of the trial court's action in granting a judgment notwithstanding the verdict. We disagree. We shall hold that the trial court did not abuse its discretion when it denied appellant's "Motion for Reconsideration" and "Motion for New Trial," and shall affirm the judgment.

### Facts

Appellant, B & K, is in the business of providing staging and seating for public gatherings. On 1 June 1984 it leased a portion of a warehouse owned and operated by appellees,

Universal Leaf Tobacco Co. et al., for the purpose of storing therein items used in B & K's business, such as bleachers, scaffolding, banners, curtains, etc. On 6 April 1985 the warehouse and its contents, including the property of appellant, were destroyed by fire. B & K sued Universal, alleging that the fire was caused by the negligence of appellees in the negligent, careless and improper use of an acetylene torch within the warehouse. The evidence presented in support of the allegations was, primarily, the testimony of Lt. Kenneth James Klasmeier, an investigator with the Anne Arundel County Fire Department. Lt. Klasmeier's opinion as to the cause of the fire was, in large measure, based on a report submitted to him by Lt. James G. Stallings, another investigator. That report, in equally large measure, was based on information told to Lt. Stallings by one Leonard Grimes. Grimes, an employee of appellees, was not available to testify at the trial. In an interview shortly after the fire, Grimes told Stallings that Walter Johnson, another employee of appellees, had been using an acetylene torch to burn strings out of some jack wheels in the warehouse shortly before the discovery of the fire. Relying on that information, Lt. Klasmeier opined that "the cause and origin [of the fire] would have been the actions of Mr. Johnson using an acetylene torch to burn strings off of wheels inside of the warehouse."

At the conclusion of appellant's case, appellees moved for judgment pursuant to Rule 2–519. The trial judge expressed an opinion that there was insufficient evidence of negligence, but said he would allow the case to go to the jury on the theory of *res ipsa loquitur*, although expressing some reservations that appellant may have proven too much to rely on that theory.[1]

---

1. The Honorable Carroll T. Bond, Chief Judge of the Maryland Court of Appeals, in a dissenting opinion in *Potomac Edison Co. v. Johnson*, 160 Md. 33, 40, 152 A. 633, 636 (1930), said:

In this case, as in similar cases, the expression *res ipsa loquitur* has been the basis of much of the argument, and I venture to urge upon the attention of the profession in the state an objection to the

The jury returned a verdict in favor of appellant and assessed damages at $123,252.00. Pursuant to Rule 2–532, appellees filed a motion for judgment notwithstanding the verdict. That motion was heard by the court on 19 January 1987. Citing *Nalee, Inc. v. Jacobs*, 228 Md. 525, 180 A.2d 677 (1962), the judge ruled that appellant "proved too much and too little"; that the attempt to establish specific grounds of negligence precluded recourse to the doctrine of *res ipsa loquitur*, and granted the motion for judgment notwithstanding the verdict.

Within ten days of that judgment, on 28 January 1987, appellant filed a "Motion For Reconsideration And Motion For New Trial", asking the trial court "to reconsider the judgment notwithstanding the verdict entered in open court on Monday, January 19, 1987, and moves this court for a new trial, pursuant to Rule 2–533." Those motions were denied on 17 February 1987, and B & K appealed.

Appellant suggests the issues on appeal are:

I.   Did the jury properly determine that the fire, which occurred on April 6, 1985, was the result of the defendants' negligence?

II.  Should the court have received into evidence the fire investigation reports prepared by the fire investigators of the Anne Arundel County Fire Department?

III. Should the court have received into evidence expert testimony putting forth projections utilized to ascertain plaintiff's financial losses incurred as a proximate result of the fire?

---

continued use of it. It adds nothing to the law, has no meaning which is not more clearly expressed for us in English, and brings confusion to our legal discussions. It does not represent a doctrine, is not a legal maxim, and is not a rule. It is merely a common argumentative expression of ancient Latin brought into the language of the law by men who are accustomed to its use in Latin writings.

Unfortunately, the bench and bar of this State have not chosen to heed the admonition of Judge Bond and the expression continues to find its way into our legal discussions.

Appellees assert that the only question before this Court is whether the trial judge abused his discretion in denying the "motion for reconsideration" and the motion for new trial. As previously stated, we agree with appellees.

■ Appellees are not precisely correct when they assert, "[n]o Maryland Rule exists which permits the filing of a motion for reconsideration...." While we are aware of no Rule governing post-trial motions specifically captioned "Motion for Reconsideration," except Rules 850 and 1050 applicable to the appellate courts, appellant's motion of 28 January 1987 was cognizable under either Rule 2–534 [2] (Motion to Alter or Amend a Judgment—Court Decision), or Rule 2–535 [3] (Revisory Power).

Appellant's motion of 28 January 1987 sought "reconsideration" of the judgment notwithstanding the verdict entered by the trial court on 19 January 1987. The judgment notwithstanding the verdict was "an action decided by the court." The "motion for reconsideration" was filed within ten days after entry of that judgment. Therefore, both the "motion for reconsideration" and the alternative motion for new trial were properly before the trial court.

■ It is equally apparent that both motions tolled the running of the time for appeal of the judgment notwithstanding the verdict.

---

**2.** In an action decided by the court, on motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for a new trial.
Rule 2–534.

**3.** On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534.
Rule 2–535(a).

In a civil action when a timely motion is filed (1) for judgment notwithstanding the verdict pursuant to Rule 2–532, (2) for a new trial pursuant to Rule 2–533, or (3) to alter or amend a judgment pursuant to Rule 2–534, the order for appeal shall be filed within thirty days from the date of entry of an order denying, overruling, or dismissing a motion for new trial or disposing of a motion for judgment notwithstanding the verdict or a motion to alter or amend a judgment. An order for appeal filed before the timely filing or the disposition of any of these motions shall have no effect, and a new order for appeal must be filed within the time above provided.

Rule 1012 d.

The Rule applies as well to motions to revise filed pursuant to Rule 2–535(a) providing they are filed within ten days of the judgment. *Unnamed Atty. v. Attorney Griev. Comm'n,* 303 Md. 473, 494 A.2d 940 (1985); *Sieck v. Sieck,* 66 Md.App. 37, 502 A.2d 528 (1986).

Therefore, when appellant filed its notice of appeal on 18 March 1987, it could have appealed (1) the judgment notwithstanding the verdict, (2) the denial of the "motion to reconsider," or (3) the denial of the motion for new trial, or all of the above. It did not do so. It specifically appealed the orders of 17 February 1987. It specifically did not appeal the judgment of 19 January 1987. As we noted in *Shipp v. Autoville Ltd.,* 23 Md.App. 555, 560 n. 4, 328 A.2d 349, 352 (1974), *cert. denied,* 274 Md. 725 (1975):

We think that if there are two or more appealable judgments in a cause, an appellant designating one would be bound by the designation.

The Court of Appeals has said on many occasions when an order for appeal was specific and not general, that it would review only those issues stated in the order. *Carter v. State,* 286 Md. 649, 651, 408 A.2d 1335, 1336–37 (1979); *Lazenby v. F.P. Asher, Jr. & Sons,* 266 Md. 679, 688, 296 A.2d 699, 704 (1972); *Mason v. Triplett,* 217 Md. 433, 440,

141 A.2d 708, 711 (1958); *Surgical Instru. Co. v. Requardt,* 180 Md. 245, 252, 23 A.2d 697, 699 (1942).

Relying on *MPTH Assoc. v. St. Dep't of Assess.,* 302 Md. 319, 487 A.2d 1184 (1985), and *Miller Building Supply v. Rosen,* 61 Md.App. 187, 485 A.2d 1023 (1985), appellant asserts that both the Court of Appeals and this Court have considered the merits of the original judgment after an appeal following a denial of a motion for reconsideration. Those cases are inapposite. As noted by the Court of Appeals in *MPTH Assoc.,* the notice of appeal there contained "no words limiting it to the denial of the motion for reconsideration." *Id.* [302 Md.] at 328 n. 6, 487 A.2d at 1189. In *Rosen, supra,* the issue was never raised and appellees' brief agreed that the question was whether the evidence supported the original verdict. Likewise, appellant's position finds no support in *Institutional Mgt. v. Cutler Computer,* 294 Md. 626, 451 A.2d 1224 (1982), and the cases cited therein. In all of those cases the text of the order for appeal indicated that it was taken from a non-appealable order, such as a judgment *nisi,* rather than from a final judgment. Both appellate courts declined to dismiss appeals entered within 30 days of the only appealable judgment, treating limiting words in the orders for appeal as surplusage. *Sweeney v. Trust Co.,* 144 Md. 612, 622, 125 A. 522, 526 (1924); *Johnson–Bey v. Reiger,* 32 Md.App. 299, 306, 360 A.2d 457, 461, *cert. denied,* 278 Md. 725 (1976); *Shipp v. Autoville Ltd., supra,* 23 Md.App. at 559–60, 328 A.2d at 352.

The same rule was applied in *Continental Cas. Co. v. Mirabile,* 52 Md.App. 387, 393–94, 449 A.2d 1176, 1181, *cert. denied,* 294 Md. 652 (1982), where we said an order to appeal the trial court's order passed "in the above entitled matters on July 21, 1981," would be treated as surplusage when the final judgment was not entered until July 22, 1981. As to the cross-appeal by Mirabile, however, we declined to review the propriety of two evidentiary rulings not included in the specific order for cross-appeal, restating the aforementioned note in *Shipp v. Autoville Ltd., supra,*

23 Md.App. at 560, 328 A.2d at 352, that "if there are two or more appealable judgments in a cause, an appellant designating one would be bound by the declaration [sic]."

This appeal from the denial of the "motion to reconsider" the judgment does not serve as an appeal from that judgment, and the question presented is whether the hearing judge abused his discretion. *New Freedom Corp. v. Brown*, 260 Md. 383, 386, 272 A.2d 401, 403 (1971); *S. & G. Realty v. Woodmoor Realty*, 255 Md. 684, 690, 259 A.2d 281, 284 (1969), (quoting *Lancaster v. Gardiner*, 225 Md. 260, 268–69, 170 A.2d 181, *cert. denied*, 368 U.S. 836, 82 S.Ct. 63, 7 L.Ed.2d 37 (1961)). Such a motion is directed to the sound discretion of the court, and in the absence of abuse thereof no appeal will lie. *Bailey v. Bailey*, 186 Md. 76, 81, 46 A.2d 275, 277 (1946) (citing *Zimmer v. Miller*, 64 Md. 296, 1 A. 858 (1885)). The question to be determined is whether the trial court entertained a reasonable doubt that justice had not been done. *Clarke Baridon v. Union Co.*, 218 Md. 480, 483, 147 A.2d 221, 223 (1958); *Weaver v. Realty Growth Investors*, 38 Md.App. 78, 82, 379 A.2d 193, 195 (1977) (citing *Clarke Baridon v. Union Co., supra* ).

█ The judgment notwithstanding the verdict was entered by the trial judge solely on a question of law—that he had erred in allowing the jury to consider the case under the theory of *res ipsa loquitur*. Under such circumstances, an appellate court will not ordinarily disturb the court's discretionary decision not to reopen the matter. Having failed to appeal from the primary judgment when it was free to do so, appellant cannot now obtain a review of that judgment under the guise of seeking a review of the exercise of judicial discretion in refusing to set it aside. *Hardy v. Metts*, 282 Md. 1, 6, 381 A.2d 683, 687 (1978) (quoting *S. & G. Realty v. Woodmoor Realty, supra*, 255 Md. at 692–93, 259 A.2d at 285).

That the matter is left to the discretion of the trial court does not mean that if the action of that court is clearly arbitrary or has no sound basis in law or in reason, it could

not be reviewed, but it does mean that we will not reverse the judgment of the trial court unless there is grave reason for doing so. *Northwest'n Nat. Ins. Co. v. Rosoff,* 195 Md. 421, 73 A.2d 461 (1950). Our review of the record persuades us that there were sound bases, both in law and in reason, for the trial judge's determinations that appellant failed to establish by competent evidence the negligence of the appellees, and that *res ipsa loquitur* was inapplicable. The granting of the judgment notwithstanding the verdict was not arbitrary. The exercise of a court's discretion is presumed to be correct until the attacking party has overcome such presumption by clear and convincing proof of an abuse. *Langrall, Muir & Nopp'r v. Gladding,* 282 Md. 397, 401, 384 A.2d 737, 740 (1978). We find no such clear and convincing proof in this case.

JUDGMENT AFFIRMED; APPELLANT TO PAY COSTS.