571 A.2d 1213

**B & K RENTALS AND SALES CO., INC.**

v.

**UNIVERSAL LEAF TOBACCO CO., et al.**

**No. 23, Sept. Term, 1988.**

Court of Appeals of Maryland.

April 9, 1990.

Leland S. Van Koten (Parks, Hansen & Ditch, Towson, and Georgia L. Lewis of Baltimore), on brief, for petitioner.

Albert D. Brault (Janet S. Zigler and Brault, Graham, Scott & Brault, Rockville), on brief, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL *, JJ.

ELDRIDGE, Judge.

We granted the petition for a writ of certiorari in this case to review the Court of Special Appeals' holding that the wording of the notice of appeal had limited the issues on appeal.

The facts relevant to the procedural issue before us can be briefly stated. B & K Rentals and Sales Co., Inc., brought this action in the Circuit Court for Anne Arundel County seeking to recover damages for losses resulting from a fire. The fire was allegedly caused by the negligence of the defendants Universal Leaf Tobacco Co. and others.[1] Both at the close of the plaintiff's case, and at the close of all of the evidence, the trial court denied Universal's motion for a directed verdict and allowed the case to go to the jury. The jury returned a verdict for the plaintiff B & K Rentals in the amount of $123,252.00.

On January 19, 1987, the trial court granted Universal's motion for judgment notwithstanding the verdict and entered judgment for the defendants for costs. Within ten days, on January 28, 1987, B & K Rentals filed a "Motion

---

* BLACKWELL, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

1. Hereinafter collectively referred to as Universal.

for Reconsideration and Motion for New Trial," seeking reconsideration of the judgment notwithstanding the verdict and seeking a new trial under Maryland Rule 2–533. The circuit court, on February 17, 1987, entered an order that "both motions be and the same are hereby denied."

Thereafter B & K Rentals filed a timely notice of appeal which stated:

"It is respectfully requested that you enter an appeal to the Court of Special Appeals on behalf of B & K Rentals & Sales Co., Inc., Plaintiff, from this Court's Order denying Plaintiff's Motion for Reconsideration and Motion for New Trial, entered in this action on February 17, 1987."

In its brief in the Court of Special Appeals, B & K Rentals argued that the circuit court's ruling on the motion for judgment notwithstanding the verdict was erroneous. B & K Rentals specifically contended, based upon the evidence, that the jury properly determined that the fire resulted from the defendants' negligence and that the defendants were liable. B & K Rentals also claimed that the circuit judge had committed various errors during the trial. B & K Rentals sought a new trial limited to damages.

The Court of Special Appeals, however, refused to consider any of the matters raised by B & K Rentals in its brief. *B & K Rentals v. Universal Leaf,* 73 Md.App. 530, 535 A.2d 492 (1988). The intermediate appellate court agreed with Universal's argument that the notice of appeal, by appealing from the order entered February 17, 1987, and not specifically "appeal[ing] the judgment of 19 January 1987," had limited the scope of the appeal. 73 Md.App. at 535, 535 A.2d at 495. The Court of Special Appeals relied upon the following dictum from its earlier opinion in *Shipp v. Autoville Ltd.,* 23 Md.App. 555, 560 n. 4, 328 A.2d 349 (1974), *cert. denied,* 274 Md. 725 (1975):

" 'We think that if there are two or more appealable judgments in a cause, an appellant designating one would be bound by the designation.' " 73 Md.App. at 535,

536–537, 535 A.2d at 495, 496.[2]

In the present case the Court of Special Appeals took the position that, if the appellant desired to appeal from the "judgment," the appellant designated an incorrect order in the notice of appeal. The appellate court thus stated: "This appeal from the denial of the 'motion to reconsider' the judgment does not serve as an appeal from the judgment," 73 Md.App. at 537, 535 A.2d at 496. The court held that "the only question before this Court is whether the trial judge abused his discretion in denying the 'motion for reconsideration' and the motion for new trial." 73 Md.App. at 534, 535 A.2d at 494. Concluding that the trial court had not abused its discretion, the Court of Special Appeals affirmed.

Thereafter this Court granted B & K Rentals' petition for a writ of certiorari which presented the following single issue: "Is the Court of Special Appeals precluded from considering the propriety of the underlying decision on the merits solely because [the notice of appeal] designates, as the judgment appealed from, the decision of the trial court upon timely post-trial motions, where such judgment is the final decision rendered by the trial court in the case ...?" We shall answer the question in the negative and reverse. In our view, the Court of Special Appeals' decision is erroneous for two reasons.

### (1)

■ B & K Rentals did not designate an incorrect order as the final appealable "judgment" in the case. Contrary to the position of the Court of Special Appeals, this is not a case where " 'there are two or more appealable judgments in a cause' " and the appellant designated only one of them.

---

**2.** This statement from a footnote in *Shipp* had no relationship to the facts or issue in *Shipp* and, as indicated above, was pure dictum. Moreover, as a broad unqualified proposition, the *Shipp* dictum is erroneous. For example, an appeal from the final judgment in a case ordinarily brings up for appellate review an earlier appealable order in the case. *See, e.g., Vogel v. Grant,* 300 Md. 690, 701, 481 A.2d 186 (1984); *Carbaugh v. State,* 294 Md. 323, 328, 449 A.2d 1153 (1982).

Under the applicable rules and case law, the order designated in B & K Rentals' notice of appeal became the only final appealable order in the case.

If nothing had been done in the circuit court after January 19, 1987, the January 19th entry of judgment for the defendants for costs, pursuant to the court's direction, would have been the final appealable judgment in this case. *See, e.g.*, Maryland Rule 2-601; *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41-42, 45-46, 566 A.2d 767 (1989); *Doehring v. Wagner*, 311 Md. 272, 275-276, 533 A.2d 1300 (1987); *Walbert v. Walbert*, 310 Md. 657, 661, 531 A.2d 291 (1987); *Houghton v. County Com'rs of Kent Co.*, 307 Md. 216, 221-222, 513 A.2d 291 (1986), and cases there cited. The subsequent motions filed by B & K Rentals, however, deprived the January 19th judgment of its finality for appeal purposes.

Rule 2-533 provides, *inter alia*, that a party whose verdict has been set aside on a motion for judgment notwithstanding the verdict may file a motion for a new trial within ten days after entry of the judgment notwithstanding the verdict.[3] Rule 2-534 states that a motion to alter or amend a judgment, based on a court decision, may be filed within ten days of the judgment, and may be joined with a motion for a new trial.[4] The two motions filed by B & K

---

**3.** Rule 2-533 states in pertinent part as follows:
   "Rule 2-533. MOTION FOR NEW TRIAL
   **(a) Time for Filing.**—Any party may file a motion for new trial within ten days after entry of judgment. A party whose verdict has been set aside on a motion for judgment notwithstanding the verdict or a party whose judgment has been amended on a motion to amend the judgment may file a motion for new trial within ten days after entry of the judgment notwithstanding the verdict or the amended judgment."
   
   \*   \*   \*   \*   \*   \*

**4.** Rule 2-534 reads as follows:
   "Rule 2-534. MOTION TO ALTER OR AMEND A JUDGMENT—COURT DECISION
   In an action decided by the court, on motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or

Rentals on January 28, 1987, were timely motions pursuant to Rules 2–533 and 2–534. Rule 8–202(c) provides, *inter alia*, that when a timely motion is filed pursuant to Rules 2–533 or 2–534, the notice of appeal shall be filed within 30 days after the denial or disposition of the motions.[5]

Consequently, "when a motion to alter or amend an otherwise final judgment [or a motion for a new trial] is filed within ten days after the judgment's entry, the judgment loses its finality for purposes of appeal." *Unnamed Atty. v. Attorney Griev. Comm'n*, 303 Md. 473, 486, 494 A.2d 940 (1985). *See Yarema v. Exxon Corp.*, 305 Md. 219, 241 n. 19, 503 A.2d 239 (1986); *Sieck v. Sieck*, 66 Md.App. 37, 42–44, 502 A.2d 528 (1986); Committee Note to Rule 8–202(c). Under Rule 8–202(c), the order which was final in this case, and from which the time for appeal ran, was the order of February 17, 1987, denying both of B & K Rentals' motions. Being final, the February 17th order was a "judgment."[6] It was the only final appealable judgment in the case.

Moreover, the appeal from the February 17th final judgment subjected the January 19th "judgment" to review on appeal. It is a long established principle of appellate procedure, now embodied in Rule 8–131(d), that an appeal from a

---

its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial."

**5.** Rule 8–202(c) states:

"(c) **Civil Action—Post Judgment Motions.**—In a civil action, when a timely motion is filed pursuant to Rule 2–532, 2–533, or 2–534, the notice of appeal shall be filed within 30 days after entry of (1) a notice of withdrawing the motion or (2) an order denying a motion pursuant to Rule 2–533 or disposing of a motion pursuant to Rule 2–532 or 2–534. A notice of appeal filed before the withdrawal or disposition of any of these motions does not deprive the trial court of jurisdiction to dispose of the motion."

**6.** Rule 1–202(m) defines "Judgment" as follows:

" 'Judgment' means any order of court final in its nature entered pursuant to these rules."

final judgment ordinarily brings up for appellate review all earlier orders in the case. *See, e.g., Vogel v. Grant,* 300 Md. 690, 701, 481 A.2d 186 (1984); *Carbaugh v. State,* 294 Md. 323, 328, 449 A.2d 1153 (1982); *Lewis v. Lewis,* 290 Md. 175, 184–185, 428 A.2d 454 (1981); *Montgomery Co. v. Ian Corp.,* 282 Md. 459, 467–468, 385 A.2d 80 (1978); *Wylie v. Johnston, et al.,* 29 Md. 298, 303 (1868) (explaining the reasons for the principle). Thus, the Court of Special Appeals plainly erred in holding that an appeal from the February 17, 1987, order did "not serve as an appeal from the" January 19, 1987, order.

Unlike Rule 3(c) of the Federal Rules of Appellate Procedure and many rules in other states, Maryland Rule 8–202 does not require that a notice of appeal specify the judgment or order appealed from. Nevertheless, neither reason nor authority supports the view that a recital in the notice of appeal of the order constituting the only final appealable judgment in the case somehow limits the scope of the appeal. As discussed in part (2) below, the cases have regularly held that the specification in the notice of appeal of an *incorrect* order as the final appealable judgment does not limit the issues on appeal. In light of this, the mere recitation of the *correct* final appealable order obviously should not limit the issues on appeal.

(2)

As mentioned above, the current Maryland Rules do not require that a notice of appeal designate the order or judgment from which the appeal is taken. In fact, the present and prior rules of procedure in this State have not regulated the content of a notice of appeal or an "order for appeal" as it was formerly called. Therefore, Maryland cases usually have construed notices of appeal liberally and have ignored limiting language in notices of appeal, deeming it surplusage. The cases have taken the position that the purpose of a notice or order of appeal is not to designate or limit the issues on appeal. Instead, the designation of issues on appeal is a function of the information report

required by Rule 8–205, the prehearing conference under Rule 8–206(b), and the briefs. *See generally, e.g., Newman v. Reilly,* 314 Md. 364, 382–388, 550 A.2d 959 (1988); *MPTH Assoc. v. St. Dep't of Assess.,* 302 Md. 319, 328 n. 6, 487 A.2d 1184 (1985); *Institutional Mgt. v. Cutler Computer,* 294 Md. 626, 628–633, 451 A.2d 1224 (1982); *Williams v. Dawidowicz,* 209 Md. 77, 82, 120 A.2d 399 (1956); *Christy v. Hammond,* 161 Md. 139, 144, 155 A. 322 (1931); *Sweeney v. Trust Co.,* 144 Md. 612, 622, 125 A. 522 (1924); *Anderson v. Stewart,* 108 Md. 340, 346–348, 70 A. 228 (1908); *Lowenthal v. Rome,* 57 Md.App. 728, 738, 471 A.2d 1102, *cert. denied,* 300 Md. 153, 476 A.2d 722 (1948); *Joppa Sand & Gravel Corp. v. L. Epstein & Sons, Inc.,* 39 Md.App. 34, 43, 382 A.2d 1086 (1978); *Johnson–Bey v. Reiger,* 32 Md.App. 299, 306, 360 A.2d 457, 461, *cert. denied,* 278 Md. 725 (1976).

For example, in *Institutional Mgt. v. Cutler Computer, supra,* the trial judge made certain rulings in an oral opinion delivered on December 3, 1980, and final judgments in the case were entered on December 9, 1980. Within thirty days after the entry of final judgments, the appellant filed an order for appeal which specified that the appeal was being taken from the rulings on December 3, 1980. The Court of Special Appeals dismissed the appeal on the ground that it was not taken from the final judgments. This Court, however, reversed, saying (294 Md. at 630, 451 A.2d at 1226):

> "This Court and the Court of Special Appeals have both recognized that when an order for appeal is timely filed subsequent to the entry of a final judgment, an appellate court has jurisdiction. It must entertain the appeal even though the text of the order for appeal indicates that the appeal is taken from something other than a final judgment."

A similar situation was presented in *Sweeney v. Trust Co., supra.* There, a timely order for appeal was filed after the final decree in the case. Nevertheless, the order for appeal recited that the appeal was taken from an earlier opinion of the trial court. In overruling the appellee's

motion to dismiss, this Court stated that "we think the appeal should be regarded as having been taken from the *decree*," 144 Md. at 622, 125 A. at 526.

This general issue was considered very recently by the Court in *Newman v. Reilly, supra.* There the circuit court had entered, as sanctions, separate money judgments against the plaintiff and the plaintiff's attorney. The order for appeal, however, recited that the appeal was being taken by the plaintiff from the "judgment," with the latter word being in the singular and with no mention of the attorney. In rejecting the Court of Special Appeals' position that the issues on appeal did not encompass the judgment against the attorney, Judge Rodowsky for the Court reviewed the Maryland law in this area (314 Md. at 383, 550 A.2d at 968–969):

"The Maryland Rules do not regulate the content of an order for appeal to the Court of Special Appeals. When the subject order was filed, the governing rule was former Rule 1011.a which provided that an appeal to the Court of Special Appeals 'shall be taken by filing an order for appeal with the clerk of the lower court[.]' Current Rule 8–201(a) is similarly silent concerning content of the order for appeal. In civil cases the judgments and rulings complained of by an appellant are not required to be identified until the filing of the information report required by Rule 8–205 or the filing of the appellant's brief. By contrast, Federal Rules of Appellate Procedure, Rule 3(c), requires that

'[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.... An appeal shall not be dismissed for informality of form or title of the notice of appeal.'

"Inasmuch as the Maryland rule does not by its terms require that the body of the order for appeal identify the party appealing or the judgment appealed from, the limitation on the scope of this appeal applied by the Court of

Special Appeals rests on language gratuitously included in the body of the order. If Zerivitz had signed, as attorney for the plaintiff, a paper reading, 'Please note an appeal to the Court of Special Appeals' and the paper were filed within thirty days of the entry of the sanctions judgments, the legal effect would have been to bring up for appellate review all appealable judgments in the case."

The *Newman* opinion then held (314 Md. at 386, 550 A.2d at 970):

"Viewed in this light, the order for appeal in the instant case does not operate to exclude Zerivitz. Our cases, and those of the Court of Special Appeals, have generally been quite liberal in construing timely orders for appeal."

Judge Rodowsky in *Newman* went on to discuss several earlier cases in this Court and in the Court of Special Appeals where limiting language in orders for appeal was treated as inadvertent or surplusage. He then continued (314 Md. at 387–388, 550 A.2d at 971):

"The philosophy of these cases is also reflected in the Notes of the Advisory Committee on the Federal Rules of Appellate Procedure, 1979 Amendment, Note to Rule 3, subdivision c:

'Because of the fact that the timely filing of the notice of appeal has been characterized as jurisdictional ... it is important that the right to appeal not be lost by mistakes of mere form. In a number of decided cases it has been held that so long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with.' "

In other jurisdictions as well, including those where the content of notices of appeal is regulated by rule, courts do not construe notices of appeal so as to limit the issues on appeal. *See, e.g., Dawdy v. Sample,* 178 Ill.App.3d 118, 127 Ill.Dec. 299, 306, 532 N.E.2d 1128, 1135, *pet. denied,* 125 Ill.2d 564, 130 Ill.Dec. 479, 537 N.E.2d 808 (1989) ("Notices of appeal are liberally construed. The notice of appeal

informs the prevailing party that the unsuccessful party is seeking review of the judgment. Briefs specify the precise points relied upon for reversal"); *James v. Brumlop*, 94 N.M. 291, 609 P.2d 1247, 1249 (N.M.App.), *cert. denied*, 94 N.M. 674, 615 P.2d 991 (1980) ("notices of appeal, even where technically defective, should be liberally construed to allow consideration of the merits of the appeal where they disclose the intention to appeal"); *Kelly v. Kelly*, 371 N.W.2d 193, 195 (Minn.1985); *Maritime Mfrs., Inc. v. Hi–Skipper Marina*, 70 Ohio St.2d 257, 436 N.E.2d 1034, 1035 (1982).

A decision of this Court which appears to be out of step with the above-discussed principles and cases is *Carter v. State*, 286 Md. 649, 408 A.2d 1335 (1979). The Court of Special Appeals relied on *Carter* in reaching its decision in the present case. *Carter* was a criminal case in which various issues were raised at trial, including whether the defendant's right to a speedy trial had been infringed. After conviction and sentence, the defendant filed a timely order for appeal which recited that the appeal was " 'on the constitutional question relating to Speedy Trials,' " *Carter v. State, supra,* 286 Md. at 651, 408 A.2d at 1336. In his briefs, however, the defendant did not raise a speedy trial issue; instead he argued various other matters. Concluding that the order for appeal had limited the issues on appeal to those pertaining to a speedy trial, and that the failure to brief any speedy trial issues resulted in their waiver or abandonment, this Court ordered that the defendant's appeal be dismissed. 286 Md. at 651–652, 408 A.2d at 1336–1337.

The *Carter* case is distinguishable from the present case and from the other cases in this Court which we have previously discussed. The limiting language in the *Carter* order for appeal was very specific and clearly related to only one substantive legal issue. The decision in *Carter*, even if correct, clearly does not support the Court of Special Appeals' position in the present case.

Nevertheless, the *Carter* decision does appear to be inconsistent with the principles that limiting language in a timely notice of appeal will be treated as surplusage, and that the delineation of the issues on appeal is a function of the briefs, information report and prehearing conference, rather than of the notice of appeal. In order to avoid future confusion, we overrule *Carter v. State* and any other decisions to the same effect.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS IN THIS COURT TO BE PAID BY RESPONDENTS. COSTS IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT.