HERMAN H. GENSLER ET UX. *v.* KORB
ROOFERS, INC.

[No. 37, September Term, 1977.]

*Decided October 17, 1977.*

The cause was argued before GILBERT, C. J., and MENCHINE
and WILNER, JJ.

*Saul E. Zalesch,* with whom were *Charles E. Wehland, Ronald L. Spahn* and *Wehland & Spahn, P.A.* on the brief, for appellants.

No appearance for appellee.

GILBERT, C. J., delivered the opinion of the Court.

The appellants, Herman H. Gensler and Rhoda M. Gensler, his wife, in May 1976, filed a declaration grounded on breach of warranty, in the Circuit Court for Howard County against Korb Roofers, Inc. (Korb), the appellee and John N. Bowers, Inc. (Bowers).

The declaration averred that Korb "was the roofing subcontractor for . . . Bowers" on the property known as 11005 Elves Way, Columbia, Howard County, Maryland. Gensler said that he purchased the property, a new home, from Bowers "on or about April 1973" for the sum of $76,000. According to Gensler's brief, the "roof began to leak three months later." Korb was notified and one of its employees visited the property, but no corrective action was undertaken by Korb.

Gensler's declaration recited:

"That there has resulted, a breach of the warranties by John N. Bowers, Inc., said warranties being that the house was built to good engineering standards, free of defects and fit for use as a residence, said roof and roof drains being included among those parts of the house so warranted; but that in fact, the roof and roof drains were improperly constructed, in that the Defendant, John N. Bowers, Inc., and the Defendant Korb Roofers, Inc., failed to install the roof and drain system on the roof, in a good and workmanlike manner, and failed to pitch the roof in a good and workmanlike manner; *all of which are in breach of the aforesaid warranties, and which have caused the leaks complained of herein.* That as a direct result of the Defendants' acts as aforesaid, the Plaintiffs

[Gensler] have had serious damage to the interior of their house, and have been and will be in the future, obligated to expend large sums of money to repair the roof and drain systems. That they have lost the partial use of their home." (Emphasis supplied.)

Bowers [1] and Korb filed demurrers. Korb asserted that there was no privity of contract between itself and Gensler and, additionally, Korb raised the defense of the Statute of Limitations. Md. Real Prop. Code Ann. § 10-204 (c). That section mandates:

"Any action arising under this subtitle shall be commenced within two years after the defect was discovered or should have been discovered or within two years after the expiration of the warranty, whichever occurs first."

It is, of course, apparent on the face of the declaration that the action for breach of warranty was barred by Md. Real Prop. Code Ann. § 10-204 (c).

Apparently, without waiting for a ruling on the demurrer, Gensler filed an amended declaration on September 10, 1976. A belated leave to amend order was obtained from the court on September 24, 1976.[2] The amended declaration, filed only against Korb, asserted that:

"Korb ... failed to install the roof and drain system on the roof, in a good and workmanlike manner and failed to pitch the roof in a good and workmanlike manner, all of which failures have caused the leaks complained of herein. *As a direct result of the Defendant's* [Korb's] *negligence as aforesaid,* the ... roof collected a pool of water whose weight threatened to collapse the roof, and it permitted water to enter the house causing severe damage to its interior. The Plaintiffs [Gensler]

---

1. We glean from the record that Bowers's demurrer was successful. In any event, Bowers is not a party to this appeal.

2. In the light of Md. Rule 320 d, leave of court to amend was an unnecessary act.

have been and will be in the future obligated to expend large sums of money to repair the roof and roof drain systems. They have lost the partial use of their house." (Emphasis supplied.)

The amended declaration, like its predecessor, was met by a demurrer. That demurrer interposed the question of limitations as well as lack of privity between the parties.[3]

Judge James Macgill, after oral argument, sustained the demurrer without leave to amend, and this appeal ensued.

Our reading of the record discloses that Judge Macgill did not ground his decision on the question of limitations but rather on the basis that under existing Maryland law "a sub-contractor is [not] liable for negligent construction to the owner that purchases the home."

Gensler puts two questions to us. He asks:

"1. Does Maryland law permit third parties foreseeably damaged by the negligence of contractors with whom they have not dealt to recover in tort against these contractors?

2. Did the Appellee's [Korb's] dealings with . . . [Gensler] after the transfer of the house constitute the privity required in contract?"

The first issue is actually an overly broad question bearing upon this case only because of its massive sweep. In any event, we shall not endeavor to answer it or the second issue because it is apparent from the record that the cause of action, if indeed there be one, is barred by the Statute of Limitations, in warranty by Md. Real Prop. Code Ann. § 10-204 (c), and in negligence by Md. Cts. & Jud. Proc. Code Ann. § 5-101.[4]

---

**3.** We observe that proper practice would be to raise limitations by a special plea, Md. Rule 342 c 2 (a) and not by way of demurrer. Hoover v. Williamson, 236 Md. 250, 203 A. 2d 861 (1964). No issue was made in the circuit court or here of the impropriety of limitations being raised in the demurrer.

**4.** Md. Cts. & Jud. Proc. Code Ann. § 5-101 provides:

"A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."

Assuming, *arguendo*, that there was privity of contract between Gensler and Korb, the general rule is that the period of limitations begins to run from the date of the breach, for it is then that the cause of action accrues and becomes enforceable. *Mayor of Federalsburg v. Allied Contractors, Inc.*, 275 Md. 151, 157, 338 A. 2d 275, 280 (1975). *See also Cotham v. Board of County Comm'rs*, 260 Md. 556, 273 A. 2d 115 (1971); *Mumford v. Staton, Whaley & Price*, 254 Md. 697, 255 A. 2d 359 (1969); *Whitcomb v. Horman*, 244 Md. 431, 224 A. 2d 120 (1966); *Fisher v. Medwedeff*, 184 Md. 167, 40 A. 2d 360 (1944); *Vincent v. Palmer*, 179 Md. 365, 19 A. 2d 183 (1941).

In the instant case, the breach of warranty occurred in July 1973, so that limitations began to run at that time. Gensler had until July 1975 to institute his cause of action in warranty. Because the original declaration was not brought until May 19, 1976, Gensler is barred from recovering in that cause. Md. Real Prop. Code Ann. § 10-204 (c).

Maryland, since *Hahn v. Claybrook*, 130 Md. 179, 100 A. 83 (1917), had adopted the "discovery rule," *i.e.*, that the cause of action in professional malpractice cases accrues when the claimant discovers or reasonably should have discovered that he has been wronged. *Watson v. Dorsey*, 265 Md. 509, 290 A. 2d 530 (1972). The Court of Appeals has also applied the "discovery rule" to cases involving faulty construction. *Steelworkers Holding Co. v. Menefee*, 255 Md. 440, 258 A. 2d 177 (1969); *Callahan v. Clemens*, 184 Md. 520, 41 A. 2d 473 (1945). *See also Mettee v. Boone*, 251 Md. 332, 247 A. 2d 390 (1968).

Gensler is correct in his assertion that the "discovery rule" is applicable to the case *sub judice*. The rule, however, will avail him naught because the "Amended Declaration," alleging a cause of action in negligence, was not filed until September 10, 1976, a time in excess of three years after the alleged negligence was discovered.

Gensler, through counsel, readily acknowledges that the roof began to leak three months after purchase of the house. Since he bought the property in April 1973, it follows that three months thereafter would be July 1973. *Ergo*, Gensler

knew of the alleged negligence by July 1973. His bringing the claim in September 1976 was simply too late.

While Gensler's counsel contended that the "Amended Declaration" did not state a new cause of action but merely related back to the original declaration filed on May 19, 1976, we do not see it that way. The original suit was brought in warranty, as any fair reading thereof will reveal. There is absolutely nothing in that original declaration relating to negligence.

The rule is that amendments to pleadings are to be allowed freely and liberally, *Crowe v. Houseworth*, 272 Md. 481, 325 A. 2d 592 (1974); *Bay State Ins. Co. v. Hill*, 34 Md. App. 593, 368 A. 2d 1024 (1977), so long as the operative factual pattern remains essentially the same, and no new cause of action is stated invoking different legal principles.

In *Myers v. Aragona*, 21 Md. App. 45, 51, 318 A. 2d 263, 266 (1974), we said:

> "The rule is that if an amendment sets forth a new cause of action, then limitations is measured from the time of the accrual of the cause to the date the amended declaration is filed, but if the amendment does not state a new cause of action, then limitations is determined with reference to the date of the original filing. *Doughty v. Prettyman*, 219 Md. 83, 148 A. 2d 438 (1959); *Cline v. Fountain, Etc., Company*, 214 Md. 251, 134 A. 2d 304 (1957)."

The amended declaration, in the matter now before us, does set forth a new cause of action founded on a different legal theory, namely, negligence. Consequently, it should have been filed no later than the end of July 1976. It was not, so it is, therefore, barred by Md. Cts. & Jud. Proc. Code Ann. § 5-101.

We recognize that Judge Macgill did not decide the case on the basis of limitations, although that question was put to him. We, however, deem it advisable to invoke the authority of Md. Rule 1085 and decide the question so as to prevent unnecessary further litigation which might arise if we were to answer appellant's issues in the affirmative and then

reverse and remand for trial where limitations would again be raised. We are not to be understood, however, as indicating what course we will follow if any other such question is properly put to us.

*Order sustaining demurrer without leave to amend affirmed.*
*Costs to be paid by appellants.*