567 A.2d 154

**Betty L. PRIDDY**

v.

**Jack G. JONES.**

**No. 498, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Dec. 22, 1989.

Certiorari Denied March 9, 1990.

---

William T. Wood and John L. Dowling, Rockville, for appellant.

Paul V. McCormick and Sheila J. McLaughlin, Rockville, for appellee.

Submitted before GARRITY, KARWACKI and ROBERT M. BELL, JJ.

GARRITY, Judge.

The appellant, Betty L. Priddy, appeals an order of the Circuit Court for Montgomery County (Beard, J.) granting appellee Jack G. Jones's Motion to Dismiss her amended complaint. She presents the following issues for our determination:

I. Whether the circuit court erred in ruling that it lacked subject matter jurisdiction over her first amended complaint;

II. Whether she filed her second amended complaint within the applicable limitations period;

III. Whether the circuit court erred in granting the appellee's Motion to Dismiss on grounds that her amended complaint is barred by the doctrine of *res judicata;* and

IV. Whether her complaint is barred by the doctrine of collateral estoppel.

Because we hold the appellant's amended complaint was barred by limitations, we shall affirm the circuit court's ruling without need to discuss the remaining issues.

### Factual Background

On March 16, 1981, the appellant was injured when she allegedly slipped and fell on a marble floor of the lobby in the building where she worked, then owned by the appellee. As a result of her injuries, the appellant filed a declaration in the Circuit Court for Montgomery County on March 1, 1984. The complaint sounded in negligence, and among her allegations the appellant claimed the following:

On the date of the incident described herein the defendant, Jack B. Jones, knew and should have known that the floor was wet and slippery. That the defendant, Jack

B. Jones, by and through his agent, servants and employees, left the marble-tile floor uncovered and unclean for a substantial period of time, knowing of the condition described above. That the defendant, Jack Jones, by and through his agents, servants and employees, failed to make any attempt to cover and clean up said dangerous condition or to warn the plaintiff or other business invitees of the dangerous condition of the hallway floor.

On March 28, 1988 the Circuit Court for Montgomery County (Cave, J.) granted the appellee's Motion for Summary Judgment, a ruling we affirmed in *Priddy v. Jones,* No. 605, September Term, 1988 (Md.App., filed December 28, 1988) (unreported).[1] Our mandate in that case was issued on January 27, 1989.

On January 23, 1989, the appellant, through different counsel, filed an "Amended Complaint" under the same case number as the original. That amended complaint added the theory of negligent construction to her prior claim of negligent maintenance. Specifically, it alleged:

That on the date of the incident described herein the defendant, Jack B. Jones, knew and should have known that the marble/tile floor was inherently slippery and defective and that it failed to meet applicable safety standards. That the defendant, Jack B. Jones, by and through his agent, servants and employees, left the marble/tile floor uncorrected, uncovered and uncleaned for a substantial period of time, knowing of the conditions described above. The defendant, Jack B. Jones, by and through his agents, servants and employees, failed to

---

**1.** We held that because the appellee leased the building in question to a tenant (Tractor, Inc.) for its "full, exclusive and unrestricted use," the appellee owed no duty of care to the appellant sufficient to support her negligence claim against him. We agreed with Judge Cave that the "[appellee] is not in possession, and accordingly, he has no duty to the plaintiff in this case to warn or come in and change the floor. The maintaining of the condition that she [appellant] complains of and the requirement that she enter through that door, rests in Tractor." In so holding, we relied on *Rowley v. City of Baltimore,* 305 Md. 456, 464, 505 A.2d 494 (1986).

make any attempt to cover and correct said dangerous condition or to warn the plaintiff or other tenants or business invitees of the dangerous condition of the said floor.

* * * * * *

That the defendant, Jack B. Jones, had a duty to construct and maintain said premises in a safe condition for a person working in the building, including the plaintiff, Betty L. Priddy; that the defendant, Jack B. Jones, knew, or in the exercise of due care, should have known the floor surface was inherently dangerous and failed to meet minimum safety standards and that the accumulation of water on the tile/marble floor worsened the said dangerous condition; that the defendant, Jack B. Jones, negligently and carelessly failed to correct the defective hallway floor and failed to place rubber mats or other adequate protection on said marble/tile floor, when the defendant, Jack B. Jones, knew or should have known that the said floor was slippery and dangerous.[2]

Apparently because it was initially filed four days prior to our mandate in the first *Priddy* decision, the appellant refiled the same amended complaint, entitled "Second Amended Complaint" on February 27, 1989.

The appellee filed a motion to dismiss, or in the alternative, to strike the appellant's amended complaints, arguing that the court lacked subject matter jurisdiction over the first amended complaint and that the second amended complaint was barred by *res judicata,* collateral estoppel, and limitations. Following a hearing, the circuit court (Beard, J.) granted the appellee's motion, ruling that it had no subject matter jurisdiction over the appellant's amended

---

**2.** The record indicates that the appellant first raised the allegation of negligent construction in her opposition to the appellee's Motion for Summary Judgment. In our first opinion in this matter, however, we noted that the appellant had not alleged the same in her declaration, and that only the issues as framed in the pleadings were relevant for purposes of our reviewing the summary judgment disposition. We, therefore, did not address the appellant's negligent construction claim.

complaint of January 23, 1989 and that her second amended complaint filed February 27, 1989 was barred by limitations.

## I. *Jurisdiction*

 The lower court determined that it lacked subject matter jurisdiction over the January 23 amended complaint. The appellant refiled the identical amended complaint after the issuance of our mandate, however, thereby superseding the earlier complaint. It is well settled that an amended complaint complete in itself, without reference to the complaint that preceded it, replaces an earlier complaint in its entirety, and the earlier complaint is regarded as withdrawn or abandoned. *Shapiro v. Sherwood*, 254 Md. 235, 238–39, 254 A.2d 357 (1969); *Villarreal v. Glacken*, 63 Md.App. 114, 125, 492 A.2d 328 (1985). The issue of whether the court had subject matter jurisdiction over the complaint filed on January 23, 1989, is therefore moot. Our inquiry, then, is whether the second amended complaint is barred by the applicable statute of limitations.

## II. *Statute of Limitations*

The appellant was required to file her action within three years from the date of the accident. Md.Ann.Code Cts. & Jud.Proc. art., § 5–101 (1984 Repl.Vol., 1989 Cum.Supp). The accident in which the appellant was involved occurred on March 16, 1981. The appellant filed her original declaration on March 1, 1984; that complaint was, therefore, clearly within the limitations period. Her second amended complaint was filed on February 27, 1989. Thus, it can only be within the limitations period if it "relates back" to the filing of the original.

 In *University Nursing Home v. Brown and Associates*, 67 Md.App. 48, 55, 506 A.2d 268 (1986), Judge Bishop, citing *Crowe v. Houseworth*, 272 Md. 481, 485, 325 A.2d 592 (1974), observed on our behalf:

Where the operative factual situation set out in a timely filed preceding declaration remains essentially the same after amendment, the doctrine of relation back may

be applied to bring the amended declaration within the limitations period. This is so even if a different cause of action is pled in a subsequent declaration. The Court of Appeals in *Crowe* presented the modern view: "so long as the operative factual situation remains essentially the same, no new cause of action is stated by a declaration framed in a new theory or involving different legal principles." (citations omitted).

In other words, merely changing the legal theory does not constitute a new and different cause of action for purposes of the statute of limitations; the material operative facts, not the legal theory, determine the cause of action. *Kirgan v. Parks*, 60 Md.App. 1, 15, 478 A.2d 713 (1984).

■ The appellant's cause of action set forth in her amended complaint (negligence of the appellee in installing an inherently slippery floor) relies on operative facts distinct from those involved in supporting her claims contained in the original declaration. The relevant facts involved in proving the appellant's initial claim of negligent maintenance were those bearing on the existence of unsafe, extrinsic matter on the floor; the claim required additional proof (as we established in our first opinion in this matter) that the appellee was in possession of the premises in order to show he knew or should have known of the dangerous condition. The appellant's amended theory of negligent construction, however, involved facts bearing on the floor's inherent safeness, its co-efficient of friction in relation to applicable safety standards, for example, and the appellee's installation of it. Whether the appellee was in possession of the premises at the time of the accident is not crucial to the second claim. Because the operative facts of the amended complaint are different from those implicated in the original declaration, the amended complaint does not relate back to the date of the original declaration.

■ Furthermore, and more fundamental, the relation back doctrine is simply not applicable to this case. By the time the appellant filed her February 27 amended com-

plaint, a final judgment had already been rendered disposing of her original complaint. There was, therefore, nothing left to which her amendment could "relate back." The appellant was, then, effectively filing a new complaint for negligence approximately eight years after the accident for which she seeks redress occurred. Her amended complaint is therefore barred by the applicable limitations provision contained in § 5–101 of the Courts Article.

## Conclusion

Accordingly, as the appellant's February 27, 1989, amended complaint was barred by the applicable statute of limitations, we shall affirm the circuit court's dismissal of that complaint.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.