668 A.2d 1006

Antonia M. CHAMBERS

v.

Wesley A. SEGHETTI.

No. 334, Sept. Term, 1995.

Court of Special Appeals of Maryland.

Dec. 29, 1995.

Reconsideration Denied Feb. 27, 1996.

Lathal Ponder, Washington, DC (Law Offices of Squire Padgett on the brief, Washington, DC and Isaac Joe, Jr., on the brief, Columbia), for appellant.

David B. Ginsburg (W. Alton Lewis & Associates, on the brief), Lanham, for appellee.

Argued Before MOYLAN, BLOOM and WENNER, JJ.

WENNER, Judge.

Antonia M. Chambers appeals from a judgment of the Circuit Court for Anne Arundel County granting summary judgment in favor of appellee, Wesley A. Seghetti. On appeal, appellant presents us with but one issue: whether a sufficient material factual dispute existed to preclude a grant of summary judgment. As we shall hold that plaintiff's cause of action is barred by limitations, we need not reach that issue.

### Facts

On 8 October 1993, appellant filed a complaint in the Circuit Court for Anne Arundel County, seeking damages from appellee for injuries suffered by her in an automobile accident that occurred on 2 July 1991. Although conceding that he owned the automobile involved in the accident, appellee's answers to interrogatories revealed that it was being driven on a personal errand by his minor son at the time of the accident.

Appellant filed an Amended Complaint on 2 August 1994, charging appellee with negligent entrustment. Appellee responded with a motion for summary judgment which was granted. This appeal followed.

### Discussion

Md.Code Ann. Courts and Judicial Proceedings Article, Section 5–101 provides that "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." As we have said, the accident giving rise to this brouhaha occurred on 2 July 1991, and appellant's initial complaint was filed on 8 October 1993. Upon learning that appellee's son had been driving appellee's automobile at the time of the accident, appellant filed an Amended Complaint on 2 August 1994, charging appellee with negligently entrusting the automobile to his son.

If an amended complaint sets forth a new cause of action, "then limitations is measured from the time of the

accrual of the cause to the date the amended declaration is filed...." *Myers v. Aragona*, 21 Md.App. 45, 51, 318 A.2d 263, *cert. denied*, 272 Md. 746 (1974).

■ We acknowledged in *Priddy v. Jones*, 81 Md.App. 164, 567 A.2d 154 (1989), that

'so long as the operative factual situation remains essentially the same, no new cause of action is stated by a declaration framed in a new theory or involving different legal principles.'

*Id.* at 170, 567 A.2d 154, *quoting Crowe v. Houseworth*, 272 Md. 481, 485, 325 A.2d 592 (1974). "Merely changing the legal theory does not constitute a new and different cause of action; the material operative facts, not the legal theory, determine the cause of action." *Kirgan v. Parks*, 60 Md.App. 1, 15, 478 A.2d 713 (1984).

In *Priddy*, appellant was injured after slipping and falling on a marble floor. While appellant's first complaint charged appellee with having negligently left the floor in a wet and slippery condition, her amended complaint charged appellee with having failed to construct and maintain the premises in a safe condition.

Speaking for us in *Priddy*, Judge Garrity noted that "appellant's cause of action set forth in her Amended Complaint (negligence of the appellee in installing an inherently slippery floor) relies on operative facts distinct from those involved in supporting her claims contained in the original declaration." *Priddy*, at 170, 567 A.2d 154. Consequently, we held that the amended complaint was barred by limitations and affirmed the judgment of the circuit court.

■ In the case at hand, appellant's Amended Complaint, relying on distinctly different operative facts from those supporting the claims contained in her initial complaint,[1] was filed

---

1. In her initial complaint, appellant alleged that appellee had failed to "yield the right of way to the oncoming traffic by failing to stop at the stop sign." In her amended complaint, appellant alleged that appellee

on 2 August 1994, three years and one month after the accident.

Maryland Rule 2–501(e) provides that a Motion for Summary Judgment may be granted if "[ ] there is no dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law." In determining whether a factual dispute exists, "all inferences must be resolved against the moving party." *Berkey v. Delia,* 287 Md. 302, 304–305, 413 A.2d 170 (1980). A material fact is one that will "somehow affect the outcome of the case." *King v. Bankerd,* 303 Md. 98, 111, 492 A.2d 608 (1985). As the Court of Appeals said in *Beatty v. Trailmaster,* 330 Md. 726, 738, 625 A.2d 1005 (1993), "mere general allegations which do not show facts in detail and with precision are insufficient to prevent summary judgment."

According to appellant, appellee's purported negligence is a disputed material fact. This, of course, is a legal conclusion, and appellant offers nothing in support of this conclusion aside from the bald allegation that appellee knew, or should have known, that his minor son would operate appellee's automobile in a negligent manner. This is insufficient.

Although limitations is an appropriate basis for granting summary judgment, *O'Hara v. Kovens,* 60 Md.App. 619, 629–30, 484 A.2d 275 (1984), *modified on other grounds,* 305 Md. 280, 503 A.2d 1313 (1986), the trial court gave no reason for granting appellee's motion for summary judgment. As we have noted, appellee responded to appellant's Amended Complaint, pleading, among other things, limitations, and moved for summary judgment. After appellant responded to appellee's motion for summary judgment, the trial court simply granted the motion. Inasmuch as limitations was pled and it is obvious from the record that appellant's Amended Com-

---

knew or should have known that his son would operate the automobile in a negligent manner.

plaint is barred by limitations, we will affirm the judgment of the circuit court.[2]

**JUDGMENT AFFIRMED.  COSTS TO BE PAID BY APPELLANT.**