762 A.2d 151

**Leslie C. WALLS**

v.

**The BANK OF GLEN BURNIE.**

No. 2712, Sept. Term, 1999.

Court of Special Appeals of Maryland.

Nov. 13, 2000.

230

Donald F. Chiarello (Hochberg, Chiarello & Costello, on the brief), Towson, for appellant.

Thomas M. Wood, IV (Hugh M. Bernstein and Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., on the brief), Baltimore, for appellee.

Argued before DAVIS, BYRNES, and KRAUSER, JJ.

BYRNES, Judge.

The Circuit Court for Anne Arundel County dismissed a complaint filed by Leslie Walls, appellant, against The Bank of Glen Burnie, appellee. Ms. Walls then filed a motion to alter or amend judgment, in which she sought leave to amend her complaint. The court denied that request. On appeal, Ms. Walls asks whether the circuit court abused its discretion in doing so. She does not challenge the court's ruling dismissing her complaint.

For the following reasons, we shall reverse the judgment of the circuit court.

## FACTS AND PROCEEDINGS [1]

Leslie Walls was employed by The Bank of Glen Burnie ("the Bank") for ten years, beginning in July 1988. In October 1998, Ms. Walls was standing at the door of a female co-worker's office when she heard a male co-worker make a lewd and offensive remark. She reported the male co-worker's remark to "management." Management failed to conduct an investigation and to reprimand the male co-employee for his comment. Instead, appellant was criticized by her superiors for being away from her desk at the time of the incident.

After the incident, Ms. Walls was treated differently and unfairly by the management and staff of the Bank. Her every move was documented and recorded by management, and she

---

1. Because the case was disposed of below on a motion to dismiss, we set forth the facts as alleged by Ms. Walls in her complaint.

was required to obtain permission from her supervisor to use the bathroom. On February 19, 1999, Ms. Walls was terminated from her job. She was told that she was being terminated because she was not properly performing her job. In fact, Ms. Walls was terminated because she had reported her male co-worker's lewd and offensive remark.

On March 23, 1999, Ms. Walls filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). On May 19, 1999, the EEOC issued her a written "Notice of Right to Sue." The right to sue letter advised Ms. Walls that she had 90 days from that date in which to file suit, in federal or state court, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. *See* 42 U.S.C. § 2000e–5(f)(1).

On August 16, 1999, Ms. Walls filed suit in the Circuit Court for Anne Arundel County. Her complaint set forth two counts, both of which appear to state common law tort claims for wrongful discharge. In the first count, captioned "Retaliation," Ms. Walls alleged that her termination from employment had been in violation of the clear mandate of public policy set forth in Md.Code (1957, Repl.Vol.1998, Supp.2000), Article 49B, § 15 and Article 46 of the Maryland Declaration of Rights. In count two, entitled "Hostile Work Environment," she alleged that the Bank had created a hostile work environment so as to force her to quit her job, and that this conduct also violated the clear mandate of public policy set forth in Article 49B, § 15 and Article 46 of the Maryland Declaration of Rights.

The Bank filed a motion to dismiss the complaint for failure to state a claim for which relief could be granted. The Bank argued that to the extent that Ms. Walls was seeking to recover for violations of Article 49B of the Maryland Code, no private right of action exists under that statute; and to the extent that appellant was seeking to make a claim for wrongful discharge based upon the policies advanced by Article 49B, she was limited to the statutory administrative remedies contained in that article, and therefore could not state such a cause of action. *See Chappell v. Southern Maryland Hosp.,*

320 Md. 483, 578 A.2d 766 (1990); *Makovi v. Sherwin–Williams Co.*, 316 Md. 603, 561 A.2d 179 (1989).

Ms. Walls filed an opposition memorandum. She argued that the Bank's legal position was incorrect. She also asked the court for leave to amend, if it were to rule in the Bank's favor. Specifically, Ms. Walls stated, "If this court concludes, however, that Plaintiff must pursue a statutory remedy, Plaintiff requests the right to [amend] her complaint to include her federal or state remedies."

On December 14, 1999, after the Bank filed a reply memorandum of law, the motion was argued before the court. The court took the matter under advisement, and later that day issued an order stating:

> Upon consideration of The Bank of Glen Burnie's Motion to Dismiss, Plaintiff's response, memoranda and argument of counsel, it is this 14th day of December, 1999
>
> ORDERED, that the Motion is hereby GRANTED pursuant to *Chappell v. S.M.H. [Southern Maryland Hosp., Inc.]*, 320 Md. 483, at 496[, 578 A.2d 766] (1990), and that the above-captioned case is hereby dismissed, without prejudice for Plaintiff to pursue statutory remedies.

(Underlining added by circuit court to form order submitted by the Bank.)

On December 21, 1999, Ms. Walls filed a motion to alter or amend judgment, pursuant to Rule 2–534, asking the court for leave to amend her complaint to pursue her Title VII claim. She pointed out that more than 90 days had elapsed from the day on which she had received her right to sue letter from the EEOC, and, therefore, if she were to file a new lawsuit asserting her federal statutory claim, it would be time-barred. She further argued that if the court were to grant her leave to amend, her Title VII claim would "relate back" to the August 16, 1999 filing date of the original complaint and, therefore, would not be barred. Ms. Walls asked the court to revise its order from "without prejudice for Plaintiff to pursue her statutory remedies" to "with leave granted to Plaintiff to

amend the complaint." The Bank opposed Ms. Walls's motion to alter or amend judgment.

On January 12, 2000, the circuit court denied the motion to alter or amend. This appeal followed.

## DISCUSSION

Ms. Walls contends that the circuit court abused its discretion when it denied her request for leave to file an amended complaint because, notwithstanding the court's intention, when it granted the motion to dismiss, not to prejudice her right to pursue any statutory remedy, its order of dismissal did just that. Ms. Walls points out, as she did below, that if the court had granted her leave to file an amended complaint to pursue her remedy under Title VII on the same facts that she alleged in her original complaint, the amended complaint would have related back to the August 16, 1999 filing date, and the court's purpose would have been accomplished. Without leave to amend, the court's purpose would not be accomplished, because any new suit that she filed to pursue her Title VII remedy would be time-barred. Thus, by denying her request for leave to amend, the court thwarted the very objective it sought in its dismissal order.

The Bank's response is three-fold. Two of its arguments relate to non-preservation. First, the Bank asserts that whether an amended complaint would have been based on the same set of operative facts as alleged in the original complaint is unknown and purely speculative, because Ms. Walls never attempted to file an amended complaint and did not proffer one to the court. Second, the Bank argues that whether any such amended complaint would have related back to Ms. Walls's failed wrongful discharge claims is a question that was not raised or decided below and, therefore, should not be addressed on appeal. Finally, the Bank argues that because Ms. Walls's failed wrongful discharge claims were not legally viable, and could not have been cured by amendment, any amendment necessarily would have brought a new claim. Thus, under *Gaskins v. Marshall Craft Associates, Inc.*, 110

Md.App. 705, 678 A.2d 615 (1996), Ms. Walls's timeliness problem would not have been solved by the court granting leave to amend because "the defect in [her] complaint [could] not be remedied by an amendment which [might] or [might] not have relate[d] back to the filing of her original complaint."

■ The standard on review of a circuit court's denial of a motion to alter or amend judgment is whether the court abused its discretion. *See Wormwood v. Batching Systems, Inc.,* 124 Md.App. 695, 700, 723 A.2d 568 (1999) (citations omitted). "The real question is whether justice has not been done, and our review of the exercise of a court's discretion will be guided by that concept." *Id.* at 700–01, 723 A.2d 568 (citing *Clarke Baridon, Inc. v. Union Asbestos & Rubber Co.,* 218 Md. 480, 483, 147 A.2d 221 (1958); *B & K Rentals v. Universal Leaf,* 73 Md.App. 530, 537, 535 A.2d 492 (1988), *rev'd on other grounds,* 319 Md. 127, 571 A.2d 1213 (1990)).

■ Generally, amendments to pleadings "should be freely allowed in order to promote justice." *Crowe v. Houseworth,* 272 Md. 481, 485, 325 A.2d 592 (1974) (citing *Earl v. Anchor Pontiac Buick, Inc.,* 246 Md. 653, 656, 229 A.2d 412 (1967)). Amendments are allowed "so that cases will be tried on their merits rather than upon the niceties of pleading." *Id.* (citing *Ehrlich v. Board of Educ.,* 257 Md. 542, 547–50, 263 A.2d 853 (1970)).

> Whether to grant leave to amend rests within the discretion of the trial court. Nevertheless, a trial court should not grant leave to amend if the amendment would result in prejudice to the opposing party or undue delay. But neither should the court overlook the principles recognizing that leave to amend "should be generously granted."

*Hartford Accident & Indem. Co. v. Scarlett Harbor Assocs. Ltd. Partnership,* 109 Md.App. 217, 248, 674 A.2d 106 (1996) (citations omitted) (quoting *Thomas v. Ford Motor Credit Co.,* 48 Md.App. 617, 632, 429 A.2d 277 (1981)), *aff'd,* 346 Md. 122, 695 A.2d 153 (1997).

We disagree with the Bank's first non-preservation argument: that because Ms. Walls did not attempt to file an

amended complaint, and did not proffer an amended complaint to the court, we do not know what she was seeking to accomplish by the sought after amendment, and, therefore, the question whether the court abused its discretion in denying her motion was not preserved for review. It would have been improper for Ms. Walls to have filed an amended complaint after the Bank's motion to dismiss was granted because when a circuit court dismisses a complaint, an amended complaint cannot be filed without express leave of court. *See* Rule 2–433(c). Moreover, in her opposition to the Bank's motion to dismiss and in her motion to alter or amend judgment, Ms. Walls made plain that she wished to amend her complaint to seek statutory remedies—specifically, a remedy under Title VII. At no time did Ms. Walls indicate that she was seeking leave of court to add factual allegations to those already included in the original complaint.

Rule 2–341 governs amendments to pleadings. Subsection (c) of that rule, entitled "Scope," provides:

An amendment may seek to (1) *change the nature of the action or defense,* (2) set forth a better statement of facts concerning a matter already raised in a pleading, (3) set forth transactions or events that have occurred since the filing of the pleading sought to be amended, (4) correct misnomer of a party, (5) correct misjoinder or nonjoinder of a party so long as one of the original plaintiffs and one of the original defendants remain as parties to the action, (6) add a party or parties, (7) make any other appropriate change. Amendments shall be freely allowed when justice so permits.

(Emphasis added.) In this case, we are concerned with an amendment that was sought to change the nature of the action; more precisely, to change the nature of the action from a tort claim for wrongful discharge to a statutory violation claim under Title VII.

▪ Our discussion of the question presented in this case necessarily requires an understanding of the doctrine of "relation back." In *Nam v. Montgomery County,* 127 Md.App.

172, 732 A.2d 356 (1999), we explained that doctrine as follows: "[I]f the factual situation remains essentially the same after the amendment as it was before it, the doctrine of relation back applies and the amended cause of action is not barred by limitations." *Id.* at 186, 732 A.2d 356 (citing *Smith v. Gehring*, 64 Md.App. 359, 364, 496 A.2d 317 (1985)). In other words, ordinarily, limitations on a claim stated in an amended complaint is measured from the date of the accrual of the cause of action to the date of the filing of the amended complaint. When the claim "relates back" to the date of filing of the original complaint, however, limitations is measured from the date of the accrual of the cause of action to the date of filing of the original complaint. *See Myers v. Aragona*, 21 Md.App. 45, 51, 318 A.2d 263 (1974).

As we have stated, relying on our decision in *Gaskins v. Marshall Craft Associates, supra*, 110 Md.App. 705, 678 A.2d 615, the Bank argues that regardless of whether an amended complaint by Ms. Walls that was based on the same factual occurrences that formed the predicate for the original complaint would have related back, it was not an abuse of discretion for the court to deny Ms. Walls's request to file an amended complaint. Indeed, the Bank argues not only that *Gaskins* compels that conclusion but also that that case is on all fours with the case at bar, and, therefore, should control the outcome of this appeal. We disagree.

In *Gaskins*, the plaintiff filed a two-count complaint alleging violation of the Maryland Equal Pay for Equal Work Act and a wrongful discharge tort claim. As in the case sub judice, the plaintiff offered the policies embodied in Article 49 as the foundation for her wrongful discharge claim. The circuit court dismissed the complaint without leave to amend. It ruled that the first claim was preempted by federal statute. It also ruled that the second claim was not legally viable because the public policy foundation for the tort claim was found in a statute that itself contained a remedy for vindicating those objectives.

On appeal, we held that the circuit court had erred in concluding that the first claim was preempted by federal law; we also held, however, that the court properly had dismissed the wrongful discharge claim because "the very statutes that [the plaintiff] relied on to establish her policy claim provided a remedy for her cause of action." *Id.* at 715, 678 A.2d 615 (citations and footnote omitted). In responding to the plaintiff's argument that the circuit court had abused its discretion in failing to grant her leave to amend (which, because of the disposition of the first issue, related only to the wrongful discharge claim), we explained that given that "there was nothing [the plaintiff] could have done within the scope of Rule 2–341(c) that would have made her complaint viable as to Count II[,]" the circuit court did not abuse its discretion in dismissing "that aspect of [her] claims without leave to amend." *Id.* at 716, 678 A.2d 615.

■ In the case at bar, if Ms. Walls were arguing, as the plaintiff in *Gaskins* argued, that the circuit court abused its discretion by denying her leave to amend her wrongful discharge claim to make it viable, then we would agree that, as in *Gaskins*, the court could not have abused its discretion because there was no amendment that Ms. Walls could have filed that would have stated a viable wrongful discharge claim. That is not Ms. Walls's argument, however. Instead, she maintains that an amendment to her wrongful discharge claim that would not have changed the operative facts alleged but would have engrafted onto the same factual allegations a claim for violation of Title VII, would have changed the nature of her action, as permitted by Rule 2–341(c), from one that was not viable to one that was viable; therefore (and because, in addition, the circuit court intended for her to be able to pursue her statutory claims), the circuit court abused its discretion in denying her motion. That issue was not addressed in *Gaskins*. Moreover, the Bank's assumption that any amendment to Ms. Walls's complaint would have been either a futile attempt to revive a non-viable wrongful discharge claim or the bringing of a new cause of action that would not have related

back begs the central question whether the relation back doctrine would have applied.

■  We note, because it bears on the Bank's second non-preservation argument, that whether a claim stated in an amended complaint relates back to the original complaint is a question of law. *See Chambers v. Seghetti*, 107 Md.App. 536, 540–41, 668 A.2d 1006 (1995) (holding that as a matter of law claim stated in amended complaint did not relate back to original complaint). In this case, the order denying the motion to alter or amend does not reveal whether the circuit court considered the legal question whether an amended complaint alleging the same operative facts as contained in the original complaint, but asserting that the facts constituted a violation of Title VII, would relate back to the original complaint. The Bank maintains that because it does not appear that the circuit court addressed the issue, we should not address it either. Ms. Walls maintains that that legal issue is central to her argument that the circuit court abused its discretion. She argues, in effect, that her motion raised the legal issue; that, as a matter of law, the amended complaint she sought to file would have related back to her original complaint; and that the circuit court abused its discretion because it did not take into consideration that the legal effect of allowing her to file an amended complaint would have been to allow her to pursue her statutory remedies, as the court had indicated she should be permitted to do.

■  Ordinarily, to preserve an issue for review, it must have been raised in *or* decided by the court below. *See* Md. Rule 8–131(a). To be sure, the relation back issue was raised in the circuit court by Ms. Walls, in her motion to alter or amend, even though it was not decided by that court. Moreover, as we have explained, it is a legal issue, and, therefore, is one that we would review de novo even if the record revealed that it had been considered and decided by the circuit court.

In the seminal case of *Cline v. Fountain Rock Lime & Brick Co., Inc.*, 214 Md. 251, 134 A.2d 304 (1957), the Court of Appeals analyzed the question whether a newly stated claim

related back to an originally stated claim by examining whether a judgment entered on the first claim would have had a preclusive effect, under the doctrine of res judicata, on the second claim. The plaintiff was arguing that its amended complaint, which set forth a claim for breach of a joint venture agreement, related back to its original complaint, which set forth a claim for breach of a lease. The Court held that the claim for breach of a joint venture agreement did not relate back to the claim for breach of a lease. It explained:

[W]e think that it cannot be said that the evidence which would support the one would support the other, that a judgment in favor of [the defendant] on one would preclude a suit on the other, or that to substitute a contract to go into business with another as joint adventurers is merely to place a correct legal interpretation upon a conversation previously said to have resulted in an oral lease.

214 Md. at 265, 134 A.2d 304; *see also Kirgan v. Parks,* 60 Md.App. 1, 14–15, 478 A.2d 713 (1984)("The test as to whether the amended declaration sets forth the same cause of action .... [is] if evidence which would support the amended declaration would support the original, that is, if the judgment for the plaintiff on the amended declaration would bar suit on the original, the amendment does not set forth a new cause of action and, therefore, is not barred by limitations. Merely changing the legal theory does not constitute a new and different cause of action; the material operative facts, not the legal theory, determine the cause of action." (citations omitted)).

In *Crowe v. Houseworth, supra,* 272 Md. 481, 325 A.2d 592, the Court addressed an amended complaint in which the plaintiff, a joint tenant, sought to add other joint tenants as parties. In discussing "the increased liberality with which amendments of pleadings may be allowed," *id.* at 485, 325 A.2d 592, the Court commented that, with respect to the doctrine of relation back; "The modern view seems to be that so long as the operative factual situation remains essentially the same, no new cause of action is stated by a declaration framed on a new theory or invoking different legal principles. As a conse-

quence, the doctrine of relation back is applied, and the intervention of a plea of limitations prevented." *Id.* at 485–86, 325 A.2d 592 (citing C. Clark, *Law of Code Pleading* § 115, at 715–23, 729–34 (2d ed.1947)).[2]

In *Priddy v. Jones,* 81 Md.App. 164, 169–70, 567 A.2d 154 (1989), the plaintiff sued the owner of the building in which she worked to recover damages for injuries she sustained when she slipped and fell. In her original complaint, she alleged that the defendant had negligently failed to maintain the premises by allowing the floor to become wet and slippery. After that claim was disposed of in favor of the defendant, on summary judgment, the plaintiff filed an amended complaint, alleging that the defendant had negligently constructed the portion of the building in which the plaintiff had fallen. In holding that the amended complaint did not relate back to the original complaint, we explained that the negligence claim set forth in the amended complaint involved facts that were not relevant to the negligence claim set forth in the original complaint; the focus had shifted from whether the floor was improperly maintained so that it became wet and slippery to whether the materials used to build the floor and the way in which it was constructed met applicable safety standards. *See also Chambers v. Seghetti,* 107 Md.App. at 539, 668 A.2d 1006 (observing that an amended complaint stating claim for negligent entrustment did not relate back to original complaint stating claim for negligent operation of vehicle, because the amended complaint relied upon "distinctly different operative

---

2. In *Gensler v. Korb Roofers,* 37 Md.App. 538, 378 A.2d 180 (1977), this Court cited *Crowe v. Houseworth, supra,* for the proposition that the relation back doctrine will apply "so long as the operative factual pattern remains essentially the same, *and* no new cause of action is stated invoking different legal principles." *Gensler,* 37 Md.App. at 543, 378 A.2d 180 (emphasis supplied). In fact, as the quotation from *Crowe* makes plain, the Court of Appeals was not adding to the requirement that the operative factual pattern remain essentially the same a second requirement that no new cause of action be stated invoking different legal principles. To the contrary, the Court in *Crowe* was explaining that invocation of new legal principles or theories would not result in the stating of a new cause of action, as long as the new legal principles or theories were based on the same operative factual pattern.

facts from those supporting the claims contained in [the] initial complaint."); *Alexander & Alexander, Inc. v. B. Dixon Evander & Assocs.,* 88 Md.App. 672, 689–91, 596 A.2d 687 (1991)(holding that a breach of contract claim against one defendant related back to interference with contract claim against that defendant and breach of contract claim against second defendant because it was based on same set of operative facts); *University Nursing Home, Inc. v. R.B. Brown & Assoc., Inc.,* 67 Md.App. 48, 55–60, 506 A.2d 268 (1986) (holding that breach of contract claim related back to misrepresentation claim because operative facts upon which the breach of contract claim was based were contained in the misrepresentation counts of the original complaint).

*Donnelly v. Yellow Freight System, Inc.,* 874 F.2d 402 (7th Cir.1989), is pertinent to our analysis of the issue before us. In *Donnelly,* the Court of Appeals for the Seventh Circuit held, inter alia, that, under Federal Rule of Civil Procedure 15(c), the plaintiff's amended complaint, filed in federal court and asserting Title VII violations, related back to her original complaint, filed in an Illinois state court and alleging violations of that state's employment discrimination statute. Unlike Maryland Rule 2–341(c), Federal Rule 15(c) expressly addresses the relation back doctrine. It states, in pertinent part, that "[a]n amendment of a pleading relates back to the date of the original pleading when .... the claim .... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

The court in *Donnelly* explained that, even though the original state court claim had been dismissed with prejudice before the amended complaint was filed in federal court, the relation back doctrine still applied. It observed that, under the doctrine of res judicata, the federal court complaint alleging Title VII violations would have been barred because the original state court complaint alleging violations of the state court employment discrimination statute had been dismissed with prejudice. Yet, the defendant had received notice of the nature of the suit by virtue of the filing of the state court

claim and had suffered no prejudice. *See Donnelly,* 874 F.2d at 410 (quoting *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1070 (5th Cir.1981)) ("[S]o long as the Title VII claim is based on the discrimination originally charged in the complaint, allowing it to relate back .... works no hardship on the defendant for the original complaint furnished adequate notice of the nature of the suit.").[3]

■  The legal principles that our appellate courts have formulated and followed in determining when an amended complaint changing the nature of the cause of action relates back to the filing of the original complaint, and the objectives that those principles serve, mirror Federal Rule 15(c) and the analysis of the court in *Donnelly.* They lead us to the conclusion that the amended complaint alleging Title VII violations that Ms. Walls sought leave to file would have related back to her original complaint.

■  As we have explained, in seeking leave to amend in her opposition motion and later, in her motion to alter or amend judgment, Ms. Walls represented to the court (as she has to this Court) that her amended complaint would allege the same core of operative facts as alleged in her original complaint, but that it would differ in that it would allege that the conduct at issue constituted a violation of Title VII. Recently, in *FWB v. Richman,* 354 Md. 472, 731 A.2d 916 (1999), the Court of Appeals restated the doctrine of res judicata, explaining that "when a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* at 493, 731 A.2d 916 (quoting Restatement (Sec-

---

3. The Supreme Court took certiorari in *Donnelly,* on the question whether the federal courts have exclusive jurisdiction over civil actions brought under Title VII, and held, in *Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990), that they do not.

ond) of Judgments § 24 (1982)). In other words, in order to serve the interests of finality and avoidance of piecemeal and repetitive litigation among the same parties, the doctrine of res judicata holds that all claims that a plaintiff actually brought and *could have brought* based on the same operative set of facts are barred. *See Alvey v. Alvey*, 225 Md. 386, 390, 171 A.2d 92 (1961). Thus, in the case sub judice, if Ms. Walls's wrongful discharge claims had been fully adjudicated and had resulted in a valid and final judgment, any claim that she had for a Title VII violation would have been barred, because it would have been based on the same "transaction" as the wrongful discharge claim.

In addition, like the defendant in *Donnelly*, the Bank in this case was furnished adequate notice of the nature of Ms. Walls's suit against it by virtue of the factual allegations in the complaint. The Bank was on notice from the time the complaint was filed that Ms. Walls was claiming that she was discriminated against in her employment because of her reporting of the incident that occurred at her co-worker's office. There is no prejudice or hardship to the Bank that will result from the application of the relation back doctrine in this circumstance. Finally, we note that because federal jurisdiction would apply to an amended complaint alleging a violation of Title VII, an amended complaint in this case could in all likelihood result in removal to federal court and an analysis of the relation back doctrine under Rule 15(c) and *Donnelly*. For that reason, the fact that the federal courts interpret Rule 15(c) to permit relation back in the circumstances of the case sub judice is persuasive.

We recognize that, as in *Donnelly*, the circuit court in this case was being asked to allow an amendment to a complaint that already had been dismissed. As we have pointed out, however, Ms. Walls first requested leave to amend her complaint in her opposition to the Bank's motion to dismiss— before the court dismissed the complaint. Moreover, Rule 2–322(c) contemplates that there will be situations in which an amended complaint will be filed following the dismissal of the complaint; otherwise, the rule would not provide that an

amended complaint may be filed after dismissal of the complaint so long as leave of court is obtained.

We also recognize that, unlike in *Donnelly*, the order of dismissal entered in this case was "without prejudice." For purposes of our analysis, that makes no difference. While it would preclude the Bank from raising res judicata as a defense, it does not eliminate the fact that adjudication of the wrongful discharge claim would have barred the Title VII claim. *See Crowe*, 272 Md. at 485–86, 325 A.2d 592.

As we have explained, in determining whether the circuit court abused its discretion in denying the motion to alter or amend judgment, we are guided by the question whether justice has not been done. *See Wormwood*, 124 Md.App. at 700, 723 A.2d 568. Here, prior to dismissal, and again after dismissal, Ms. Walls sought to amend her complaint to pursue the legal theory that the conduct that formed the basis for her original complaint constituted a violation of Title VII. The circuit court intended, in dismissing Ms. Walls's original complaint, to preserve her right to pursue her statutory remedies, including a Title VII claim, and it fashioned an order purporting to do so. In fact, the order did not do so. The court then denied Ms. Walls's leave to amend, when an amended complaint was the only means by which she could pursue her federal statutory claim. In our view, in denying the motion to alter or amend judgment in that circumstance, justice was not done.

**JUDGMENT REVERSED AND CASE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY.**

**COSTS TO BE PAID BY APPELLEE.**