773 A.2d 628

Chad TABOR

v.

BALTIMORE CITY PUBLIC SCHOOLS.

No. 1866, Sept. Term, 2000.

Court of Special Appeals of Maryland.

June 4, 2001.

Samuel Sperling (Law Offices of Sperling and Framm on the brief) Baltimore, for appellant.

Marcia L. Conlin, Baltimore, for appellee.

Argued before DAVIS, HOLLANDER and JAMES R. EYLER, JJ.

JAMES R. EYLER, Judge.

Under federal law, children with special needs are entitled to special education benefits. *See* Individuals With Disabilities Education Act (IDEA), 20 U.S.C. § 1401 et seq. The mother of appellant, Chad Tabor, initiated administrative proceedings in accordance with State law against Baltimore City Public Schools, appellee. The Office of Administrative Hearings conducted a hearing on June 23, 24, and July 19, 1999, pursuant to 20 U.S.C. § 1415(f) (2000). On August 11, 1999, the administrative law judge issued a decision and advised that any party aggrieved by the decision could appeal it by filing a petition for judicial review in the circuit court for the city or county where the child resided or the United States District Court for the District of Maryland "within 180 days after the date that notice of the decision is sent, in accordance with Md.Code Ann. Educ. § 8–413(h)(1997)."

On January 13, 2000, appellant filed a complaint in the Circuit Court for Baltimore City against appellee entitled "Civil Action for Denial of Special Education." In the complaint, appellant alleged that (1) he was a student residing in Baltimore City; (2) he was found to be a special needs student and entitled to special educational services pursuant to Maryland law; (3) appellee did not provide him with special education services; (4) the disabilities included difficulty with writing and multiple learning disabilities; (5) appellee failed to provide a voice activated writing system; refused to include in his individualized educational program elements of academic courses requested by appellant's mother; and caused appellant to be removed from the non-public school in which he was placed by failing to implement his individualized education program; (6) appellant had carried out all administrative prerequisites and had the right to bring the action pursuant to Maryland statutes and federal laws; and (7) appellant had been denied a right under the Maryland Constitution, including due process, in that appellee had failed to take appropriate steps to implement appellant's individualized education program, thus causing him to be removed from the non-public school in which he had been placed. The complaint ended by

stating, "wherefore, this action is brought for breach of Plaintiff's right to education under applicable statutes and regulations, as well as for breach of his rights under the Maryland Constitution."

On June 15, 2000, appellee filed a motion to dismiss on the ground (1) that service of process was deficient, (2) the complaint failed to state a claim upon which relief could be granted, (3) the court lacked jurisdiction over the subject matter, and (4) the complaint was barred by *res judicata*. The circuit court held a hearing on August 4 and granted appellee's motion on the ground that the complaint failed to state a claim upon which relief could be granted. The circuit court granted the motion to dismiss "as a matter of law" and "with prejudice" on the ground that an administrative law judge had already ruled on the question of compliance with IDEA and that appellant's course of action was to take an appeal within 180 days of the issuance of the decision. The court stated that appellant did not file such an appeal, and that it would be "inappropriate and unauthorized to allow a separate cause of action for the relief sought. . . ." Following the court's ruling, appellant stated that he was under the impression that even if he was not permitted to bring a de novo action, that simply meant that he was constrained to appellate review. The court acknowledged appellant's position, but stated that it had already ruled on that issue. There was no discussion concerning any amendment of the complaint, but we interpret the court's comments as indicating that it would not entertain a request for leave to amend.

Appellant filed a motion to alter or amend. The circuit court denied the motion, and appellant noted an appeal to this court.

The question on appeal, as stated by appellant, is: "Did the trial judge err in ruling that a civil action for denial of special education benefits could not be brought before the Circuit Court for Baltimore City?"

## Discussion

Under Federal law, children with special needs are entitled to special education benefits. 20 U.S.C. § 1401 *et seq.* Appellant's mother initiated an administrative claim for benefits, and a due process hearing was held. *See* 20 U.S.C. § 1415(f); 34 C.F.R. § 300.507. Appellant asserts that the civil action in question was brought pursuant to 20 U.S.C. § 1415(i)(2). Appellant argues that such a civil action is not merely a review of the administrative decision but requires an independent decision by a court, subject to a limitation on evidence, so that the administrative record is supplemented, not replaced. Appellant relies on 34 C.F.R. § 300.512; *Susan N. v. Wilson Sch. Dist.,* 70 F.3d 751, 757 (3rd Cir.1995); *Scituate Sch. Comm. v. Robert B.,* 620 F.Supp. 1224, 1227 (D.R.I.1985), *aff'd,* 795 F.2d 77 (1st Cir.1986); *Neely v. Rutherford County Sch.,* 851 F.Supp. 888, 889 (M.D.Tenn.1994), *rev'd sub nom. Neely v. Rutherford County,* 68 F.3d 965 (6th Cir.1995); *Barwacz v. Michigan Dep't of Educ.,* 681 F.Supp. 427, 430 (W.D.Mich. 1988); *Springer v. Fairfax County School Board,* 134 F.3d 659, 667 (4th Cir.1998).

Appellee concedes that generally a civil action can be brought pursuant to 20 U.S.C. § 1415 but contends that the complaint herein was defective. Appellee contends that the complaint was deficient because it did not allege a challenge to an administrative decision and did not identify a constitutional right, did not reference 20 U.S.C. § 1415, and did not request specific relief. Appellee concludes that it did not assert any recognized legal theory, or if it did, that in essence it was an action for educational malpractice seeking damages, an action not recognized in Maryland.

■ We agree with appellee that Maryland does not recognize a tort action seeking damages based on negligent education. *See Hunter v. Board of Educ.,* 292 Md. 481, 487–88, 439 A.2d 582 (1982). This result is based on public policy, and as the Court of Appeals has pointed out, there is an administrative process in place with a right of judicial review. *See id.* at 484–89, 439 A.2d 582.

The federal law is silent with respect to when the civil action under § 1415(f) must be filed. There are several decisions indicating that, consequently, the most analogous state period of limitations applies so long as it does not frustrate the purpose of the federal claim. A split of authority exists as to whether the statute of limitations is the same for actions for attorney's fees under (i)(4) as it is for substantive appeals under (i)(2). *See Zipperer v. School Bd. of Seminole County,* 111 F.3d 847, 852 (11th Cir.1997) (applied state's general four year statute of limitations to an action for attorney's fees without deciding whether the same period should apply to substantive appeals); *Dell v. Board of Educ.,* 32 F.3d 1053, 1062, 1064 (7th Cir.1994) (applied period of time for administrative appeals under state law to both substantive appeals and claims for attorney's fees); *Amann v. Town of Stow,* 991 F.2d 929, 931 (1st Cir.1993) (applied 30 day period for appeals of administrative decisions to a substantive appeal); *Spiegler v. District of Columbia,* 866 F.2d 461, 469 (D.C.Cir.1989) (same); *Adler v. Education Dep't,* 760 F.2d 454, 455 (2nd Cir.1985)(applied 120 day period for review of administrative decisions to substantive appeals); *Department of Educ. v. Carl D.,* 695 F.2d 1154, 1157 (9th Cir.1983) (applied 30 day period for appeal of administrative decisions to substantive appeals).

■ In Maryland, a statute expressly provides a period of 180 days in which to file an action for judicial review of an ALJ's decision in an IDEA case. *See* Md.Code (1999 Repl. Vol.), § 8–413(h) of the Education Article; *Mayo v. Booker,* 56 F.Supp.2d 597, 598 (D.Md.1999).[1] The action in question was filed within 180 days of the issuance of the administrative decision. There is no assertion that the action was improperly filed in Baltimore City, as opposed to some other jurisdiction.

Courts have disagreed with respect to the standard of review applicable to a civil action under § 1415(f). With

---

1. The U.S. District Court for the District of Maryland held that the 180 day time period also applies to actions for attorney's fees.

respect to the degree of deference due the State administrative decision, see the discussion in *Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380, 384–85 (4th Cir.2000)(stating that "this circuit requires courts to give deference to the findings of the administrative hearing officer and has held that 'administrative findings in an IDEA case "are entitled to be considered prima facie correct." ' ") (citations omitted). The issue as to the appropriate standard of review is not before us, however.

The only issue before us is whether the complaint asserted a claim in tort that did not and could not state a legally cognizable claim or whether it purported to state an action for judicial review pursuant to 20 U.S.C. § 1415(f). The complaint did not expressly reference § 1415(f), but it did allege, in bare bones fashion, that appellant had special education needs, the existence of a prior administrative proceeding, and appellant's dissatisfaction with the result. At the hearing on the motion, appellant's counsel made it clear that the intent was to file a civil action under § 1415(f).

Even assuming that the cause of action was not adequately pleaded, pursuant to the Maryland Rules, amendments to pleadings are allowed "when justice so permits." Md. Rule 2–341(c). As we recently stated in *Walls v. Bank of Glen Burnie*, 135 Md.App. 229, 236, 762 A.2d 151 (2000), " '[t]he real question is whether justice has not been done, and our review of the exercise of a court's discretion will be guided by that concept.' " 135 Md.App. at 236, 762 A.2d 151 (quoting *Wormwood v. Batching Sys., Inc.*, 124 Md.App. 695, 700, 723 A.2d 568 (1999)), *cert. denied*, 354 Md. 113, 729 A.2d 405 (1999).

The liberal allowance of amendments is permitted " 'in order to prevent the substantial justice of a cause from being defeated by formal slips or slight variances.' " *Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc.*, 126 Md.App. 294, 317, 728 A.2d 783, *cert. denied*, 355 Md. 613, 735 A.2d 1107 (1999) (quoting *E.G. Rock, Inc. v. Danly*, 98 Md.App. 411, 428, 633 A.2d 485 (1993)); *see also Walls*, 135 Md.App. at 236, 762 A.2d 151 (stating that such amendments

are permitted " 'so that cases will be tried on their merits rather than upon the niceties of pleading.' ") (quoting *Crowe v. Houseworth,* 272 Md. 481, 485, 325 A.2d 592 (1974)). An amendment should not be allowed if it would result in prejudice to the opposing party. *Residential Warranty Corp.,* 126 Md.App. at 317, 728 A.2d 783. A trial court should also, however, refrain from overlooking the principle that leave to amend " 'should be generously granted.' " *Hartford Accident & Indem. Co. v. Scarlett Harbor Assocs. Ltd.,* 109 Md.App. 217, 248, 674 A.2d 106 (1996), *aff'd,* 346 Md. 122, 695 A.2d 153 (1997) (quoting *Thomas v. Ford Motor Credit Co.,* 48 Md.App. 617, 632, 429 A.2d 277 (1981)). As this Court stated in *Hartford Accident & Indem. Co.,* "[t]he Court of Appeals has indicated that it is a 'rare situation' in which the granting of leave to amend is not warranted." 109 Md.App. at 249, 674 A.2d 106 (citing *Hall v. Barlow Corp.,* 255 Md. 28, 40–41, 255 A.2d 873 (1969)).

In the case before us, the complaint contained allegations consistent with a § 1415(f) action and any deficiency was in its failure to plead additional or more specific facts. Even if the original complaint was technically deficient, it appears to be more akin to an action pursuant to 20 U.S.C. § 1415 than an action in negligence. The complaint does not specifically mention a claim of negligence, and seeks no monetary damages. The complaint does state, however, that the action was being brought under applicable statutes. Specifically, appellant alleged that he had "carried out all administrative pre-requisites and now has the right to bring this action ... pursuant to Maryland statutes, and the federal law which those statutes implement."

■ By rejecting appellant's motion to alter or amend, the trial court implied that appellant could not amend the complaint in order to state a claim. We disagree, and conclude that appellant should have been given the opportunity to amend his complaint to more clearly state a § 1415(f) claim. While the complaint failed to assert error allegedly made by the ALJ, we believe that justice would be served by giving

appellant the opportunity to amend. Accordingly, we vacate the judgment and remand with leave granted to appellant to file an amended complaint within 30 days of the date of filing of this Court's opinion.

**JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**